JOSEPHINE WILLIAMS *v.* STATE OF INDIANA.

[No. 1169S271. Filed March 29, 1971.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter E. Bravard, Jr.,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged with the crime of prostitution. Trial was had without the intervention of a jury resulting in a finding of guilty as charged. Appellant was sentenced to the Indiana State Women's Prison for 180 days and fined $100 and costs.

The record reveals the following facts:

Indianapolis Police Officer Thomas Lowes testified that he observed the appellant at about 12:15 A.M. on North Meridian Street in Indianapolis. The Police Officer was driving an unmarked police car and as he passed appellant, she waved at him. When he stopped his car, she asked if he wanted a date. She told him the price would be $15 for "a straight lay or a half and half." The above language means sexual intercourse or oral sodomy and sexual intercourse combination. *Williams* v. *State* (1970), 254 Ind. 4, 20 Ind. Dec. 678, 256 N. E. 2d 913. When the officer indicated he would accept her offer, she got in his automobile, at which time she was placed under arrest.

Appellant first alleges that the crime stated in the affidavit does not allege a public offense for the reason that it does not allege that the appellant had the present ability to commit the act charged. Appellant asserts a rather obvious but unusual argument in this regard in observing that a female person by her own acts alone cannot commit an act of sexual intercourse. She points out that it is physically impossible for her to perform such act without male assistance. Therefore, it is impossible for her to have the present ability to commit the act. In support of her contention she cites several Indiana cases, including *Herriman* v. *State* (1963), 243 Ind. 528, 1 Ind. Dec. 127, 188 N. E. 2d 272, which hold that a person charged with an attempt to commit a crime must have the present ability to complete the act. However, we do not agree with appellant that these cases are applicable to her case. Appellant is

charged under Burns Ind. Stat., 1970 Supp., § 10-4220, which reads in part as follows:

> "Any female who frequents or lives in a house or houses of ill fame, knowing the same to be a house of ill fame, or who commits or offers to commit one [1] or more acts of sexual intercourse or sodomy for hire" . . .

Appellant was not charged with an attempt to commit a crime but was charged with the crime of offering to commit an act of sexual intercourse with a police officer. As to appellant's inability to commit an act of sexual intercourse without male assistance, we can only observe that the members of the legislature had this fact well in mind when the statute was passed, and that when describing the crime in the statute the legislature did not contemplate that a female would accomplish sexual intercourse single handedly. It is the observation of this Court that a crime is committed within the meaning of the statute if the female involved commits or offers to commit her part in an act of sexual intercourse.

Appellant also claims the evidence is insufficient to sustain a conviction under the statute. As above recited, the testimony of the police officer was sufficient to support a finding by the trial court of guilty as charged. We have repeatedly stated that we will not weigh evidence on appeal. *Smith* v. *State* (1969), 252 Ind. 425, 18 Ind. Dec. 189, 249 N. E. 2d 493.

The trial court is affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 840.