GLORIA VICKI ANDREWS, A/K/A GLORIA STEEN ANDREWS *v.* STATE OF INDIANA.

[No. 3-1272A89. Filed March 27, 1973.]

*Daniel A. Roby*, of Fort Wayne, for appellant.

*Theodore L. Sendak*, Attorney General, *Darrel K. Diamond*, Deputy Attorney General, for appellee.

HOFFMAN, C.J.—The primary issue presented by this appeal is whether there is sufficient evidence to sustain the conviction of appellant Gloria Vicki Andrews, also known as Gloria Steen Andrews, for prostitution which is defined in IC 1971, 35-30-1-1, Ind. Ann. Stat. § 10-4220 (Burns 1972 Cum. Supp.), as follows:

> "Prostitute.—Any female who frequents or lives in a house or houses of ill fame, knowing the same to be a house of ill fame, or who commits or offers to commit one [1] or more acts of sexual intercourse or sodomy for hire, shall

be deemed guilty of prostitution, and on conviction thereof shall either be fined not less than one hundred dollars [$100] nor more than five hundred dollars [$500]; and imprisonment not to exceed 180 days or such person may be imprisoned in the Indiana women's prison not less than two [2] years nor more than five [5] years."

Andrews was charged by affidavit with the crime of prostitution. Trial was to the court without the intervention of a jury wherein Officer Orville Roberts of the Fort Wayne Police Department was the only witness called to testify. The testimony of Officer Roberts was, in pertinent part, as follows:

"I saw her at, uh, 2335 hours, on Harrison Street, just north of Berry Street, on the west side.

&ast; &ast; &ast;

At this time she was walking south, I was walking north on Harrison, same side of the street. As I approached her I asked her for a match. She reached in her purse, got a match, struck the match and lit a cigarette for me. I asked her where she was going and she said she was going to the She Club. . . .

And, uh, we just had a meaningless conversation for a couple of minutes—I think I asked her why she was goin' over there for and she replied. And, uh, she looked me over real good and she said: 'I charge twenty-five dollars for a straight fuck.'

&ast; &ast; &ast;

At that time, I said this sounds good to me. She asked me if I had a car and I replied I did not. I asked her where she wanted to go and she said: 'That's up to you.' She then told me that, uh, I could get a cab, so I said I would. At that time I displayed my badge, told her I was a police officer, told her she was under arrest for prostitution and readed [read] her her rights to her."

Defendant-Andrews was found guilty as charged and fined $100 and costs, and sentenced to 30 days in the Allen County jail. Andrews petitioned the trial court for appeal of her conviction from the Allen Superior Court, Misdemeanor Division, to the Allen Circuit Court. Such petition was denied and Andrews filed her motion to correct errors. The motion to

correct errors was also denied by the trial court and this appeal followed.

On appeal, appellant-Andrews first argues that the evidence shows a mere price quotation which does not constitute an offer to commit sexual intercourse for hire.

This argument, novel as it is, is misplaced. The evidence is uncontroverted. Not only did the price quotation itself emit an inference of solicitation, but appellant went further than to merely quote the charge for her services. She asked Roberts if he had a car. She told him that the place was up to him and suggested that he get a cab. This is sufficient evidence from which an offer could be inferred, in fact, the evidence shows a meeting of the minds on the $25 price. See: *Wilson* v. *State* (1972), 258 Ind. 3, 278 N.E.2d 569, and the factually similar case of *Williams* v. *State* (1971), 256 Ind. 228, 267 N.E.2d 840. Our holding is also supported by the following language in *Williams* v. *State* (1970), 254 Ind. 4, at 6, 256 N.E.2d 913, at 914:

> "Surely it can not be said that to constitute a violation of the statute (Ind. Ann. Stat. § 10-4220 (1969 Supp.)), the offer must be express and in precise statutory langauge. The offer was implicit in appellant's words and actions when taken in the context in which they occurred. As was said in *Burton* v. *State* (1952), 232 Ind. 246, 111 N.E.2d 892, this court should not be ignorant as judges of what we know as men."

Appellant-Andrews next argues that the trial court erred in denying her petition for appeal of her conviction from the Allen Superior Court, Misdemeanor Division, to the Allen Circuit Court. It is appellant's contention that the necessity of appealing to this court in light of IC 1971, 35-1-13-3, Ind. Ann. Stat. § 9-721 (Burns 1972 Cum. Supp.) denied her right to equal protection of the law.

Section 9-721, *supra,* provides as follows:

> "Appeals from judgments of justices of peace, city courts and magistrates.—Any prisoner, against whom any punish-

ment is adjudged by a justice of the peace, mayor or judge of a city court, municipal court or magistrates court, may appeal to the criminal court, and, if there be none, then to the circuit court of the county, within thirty [30] days after such judgment. In case such prisoner, within such thirty [30] days, enters into recognizance for his appearance at the current term of such court, if such court is in session, or at the next term of such court, if such court is in vacation, and causes to be filed in such court, within forty-five [45] days, all other papers, documents and transcripts necessary to complete his appeal, then such appeal shall stay all further proceedings on the judgment in the court below. Provided, That such prisoner may remain in jail on his sentence instead of furnishing a recognizance and such appeal without recognizance shall not stay the execution of the court below."

The above statute explicitly applies only to cases where punishment is adjudged by a justice of the peace, mayor or judge of a city court, municipal court or magistrate court. The jurisdiction of these courts is limited by statute.

Here, the appeal is from the Allen Superior Court. The fact that the Allen Superior Court may, by its internal rules, sit in divisions is of no moment. Only one court is provided by statute—the Allen Superior Court. IC 1971, 33-5-5.1-2, Ind. Ann. Stat. § 4-502 (Burns 1972 Cum. Supp.). The jurisdiction of the Allen Superior Court is concurrent and coextensive with the Allen Circuit Court. In addition, the Allen Superior Court has original jurisdiction for violations of ordinances of cities and towns in Allen County, violations of traffic laws of the State of Indiana and has original and exclusive jurisdiction in juvenile matters. IC 1971, 33-5-5.1-4, Ind. Ann. Stat. § 4-504 (Burns 1972 Cum. Supp.).

An appeal may be had from any judgment or order of the Allen Superior Court where an appeal may be had from a similar order of the Circuit Court. IC 1971, 33-5-5.1-19, Ind. Ann. Stat. § 4-519 (Burns 1972 Cum. Supp.). The Allen Superior Court is a court of rec-

604

ord. IC 1971, 33-5-5.1-5, Ind. Ann. Stat. § 4-505 (Burns 1972 Cum. Supp.). All laws and rules of the State of Indiana governing the Allen Circuit Court are applicable to the Allen Superior Court. See: IC 1971, 33-5-5.1-16, Ind. Ann. Stat. § 4-516 (Burns 1972 Cum. Supp.), and § 4-504, *supra*. A criminal defendant in the Allen Superior Court is clothed with all the rights which would be present if he, or she, were being tried in the Allen Circuit Court. Appeal of a conviction from the Allen Superior Court properly lies in this court.

The judgment of conviction appealed from is affirmed.

Affirmed.

Sharp and Staton, JJ., concur.