## HERRIMAN ET AL. *v.* STATE OF INDIANA.

[No. 30,161. Filed March 4, 1963.]

*Melville E. Watson,* of Greenfield, for appellants.

*Edwin K. Steers,* Attorney General, and *Donald L. Adams,* Deputy Attorney General, for appellee.

LANDIS, J.—Appellants were charged by affidavit with the crime of attempt to commit grand larceny while armed with a deadly weapon and after a trial by jury were found guilty of said offense and sentenced to the Indiana State Prison for a term of 20

years. They appeal from the judgment assigning as error the overruling of their motion for new trial.

The affidavit filed against appellants in this case omitting the formal parts was as follows:

"TED SADLER, being sworn, on his oath says that he is informed and verily believes that JAMES DOW HERRIMAN and WILLIAM HENDERSON MOORE, on or about the 18th day of December, 1960, at said County of Hancock and State of Indiana, did then and there unlawfully and feloniously attempt to take, steal and carry away the personal goods and chattels of JEAN C. NAY, to-wit: merchandise and money of the value of TWENTY THOUSAND FOUR HUNDRED THIRTY ($20,430.00) DOLLARS.

"That the said JAMES DOW HERRIMAN and WILLIAM HENDERSON MOORE at said time and place were then and there over the age of sixteen (16) years and the said JAMES DOW HERRIMAN, who was then and there present and aiding the said WILLIAM HENDERSON MOORE in the attempt to commit Grand Larceny, was armed with a pistol . . . contrary to the form of the Statute . . . ."

The Statute under which the charge was filed is Burns' §10-4709 (1956 Repl.), which is as follows:

"Any person who being over sixteen [16] years of age, commits or attempts to commit either the crime of rape, robbery, bank robbery, petit larceny or grand larceny while armed with a pistol, revolver, rifle, shotgun, machine gun or any other firearm or any dangerous or deadly weapon, or while any other person present and aiding or assisting in committing or attempting to commit either of said crimes is armed with any of said weapons, shall be guilty of a separate felony in addition to the crimes above named and upon conviction shall be imprisoned for a determinate period of not less than ten [10] nor more than twenty [20] years, to be fixed by the court: . . . ." (Acts 1929, ch. 55, §1, p. 139.)

Appellants contend among other things that the verdict of the jury is not sustained by sufficient evidence. To consider this question it is necessary that we examine the evidence favorable to appellee (the State), viz:

Appellants were apprehended by police officers in the act of burglarizing the Nay Jewelry Store in Greenfield, Indiana, on Sunday morning, December 18, 1960. They were taken into custody from said premises on said date.

Officer Sumpter testified for the State that when he arrived at the scene of the jewelry store on Sunday, December 18, there were men inside and one of the safes in the store was open. Officer Henderson testified there were, in a valise-type suitcase and waste basket, boxes of diamonds and watches; that after he had spotted the first man with his flashlight he changed the direction of his light and saw another man and that there was then a cluster of gun shots from the working area of the store and that the officer returned the gunfire. There was no evidence, however, that appellants were armed prior to their breaking and entering the Nay Jewelry Store, but it appears that the sole guns possessed by appellants were the weapons found by them at said store.

The uncontradicted evidence on this point is that there were four guns in the Nay Jewelry Store prior to the burglary. These were described as a .25 caliber, a Walther, a .22 caliber, and a Smith-Wesson, and, as being the property of Jean C. Nay of the Nay Jewelry Store. Three of these guns were introduced in evidence (State's exhibits 16, 17 and 29), and two of them (State's exhibits 16 and 17) were found in the attic of the jewelry store shortly after the burglary. State's exhibit 16 which had been kept in the

jewelry store safe prior to the burglary, was found lying at the right side of appellant Herriman when he was apprehended lying down in the attic. It had not been fired but was loaded. The .22 caliber revolver (State's exhibit 29) which was found on the ground floor of the jewelry store, appeared to have been discharged.

Appellants contend that the foregoing evidence while sufficient to show burglary and perhaps safe burglary, is entirely lacking and insufficient to sustain the verdict of the jury convicting them of attempted larceny *while armed,* as appellants were not armed prior to the breaking and entering of Nay's Jewelry Store, but thereafter solely armed themselves with weapons found in said store and used the same in attempting to escape, after abandoning their original purpose.

In the case before us appellants are charged and convicted of *attempting* to commit grand larceny *while armed* with a deadly weapon. There is a total absence of evidence in the record to indicate that appellants or either of them were armed with a firearm prior to breaking and entering Nay's Jewelry Store. The evidence is without contradiction that they obtained the firearms as a part of the loot of the store. As far as can be ascertained from the evidence, the offense had then passed the point of *attempted larceny.* The larceny was completed. *Warnke* v. *State* (1929), 89 Ind. App. 683, 686, 167 N. E. 138, 139; 52 C. J. S., Larceny, §6, p. 802. It is therefore difficult for us to comprehend how the record can be said to sustain a conviction of appellants for being armed with a deadly weapon while attempting to steal or commit grand larceny at the store.

An attempt to commit a crime has frequently been defined as occurring:

" ... When a person's acts have gone to the extent of giving him power to commit an offense, unless interrupted, and nothing but such interruption prevents his commission of the offense . . . ." 8 I. L. E. Criminal Law, §10, p. 87; *Barrick* v. *State* (1954), 233 Ind. 333, 338, 119 N. E. 2d 550, 553.

It is apparent from this definition that appellants must have attempted to commit grand larceny in this case prior to the asportation of the personal property, but the record is entirely devoid of evidence that prior to taking dominion over such property appellants were armed with a deadly weapon. However, substantial evidence of probative value of this character was necessary to sustain the jury's verdict and in its absence we have no alternative but to reverse the cause.

The other errors attempted to be raised are not likely to arise on a retrial and are therefore not discussed.

Judgment reversed with instructions to sustain appellants' motion for a new trial.

Jackson, C. J., and Myers and Achor, JJ., concur.

Arterburn, J., not participating.

NOTE.—Reported in 188 N. E. 2d 272.