LEE A. KRUCKEBERG v. STATE OF INDIANA.

[No. 677S450. Filed July 10, 1978.]

*John C. Grimm, John F. Surbeck, Jr., Grimm & Grimm,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Jane M. Gootee,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was charged by information in three counts: Count I, Delivery of a Controlled Substance (cocaine), Ind. Code § 35-24.1-4.1-1 (Burns 1975); Count II, Possession of a Controlled Substance (cocaine), Ind. Code § 35-24.1-4.1-6 (Burns 1975), and, Count III, Commission of a Felony While Armed, Ind. Code § 35-12-1-1 (Burns 1975). After trial by jury, Defendant was found guilty upon all three counts. He was sentenced to twenty years imprisonment upon Count I, five years imprisonment upon Count II, and ten years imprisonment upon Count III. This direct appeal presents the following issues:

(1) Whether the trial court committed error by denying Defendant's motion to dismiss the information on the ground that the offenses charged occurred in the State of Michigan.

(2) Whether certain evidence was obtained as a result of an illegal arrest.

(3) Whether it was error to enter judgment and impose sentence for both Count I, delivery, and Count II, possession of a controlled substance.

(4) Whether there was sufficient evidence of guilt to support the verdict upon Count II, commission of a felony while armed.

The evidence favorable to the State indicates that Alwood, acting as a police agent in a prearranged narcotics transaction, met the defendant at a motel just north of Angola, Indiana. Defendant entered Alwood's car and directed him to drive north on Route 127. At the intersection of Routes 127 and 120, Defendant had Alwood turn west onto Route 120. At that point the defendant asked to see the money which Alwood had brought to make the drug purchase, counted it, and stated that he had more cocaine than Alwood had money. At the intersection of Route 120 and County Road 300 West, the defendant instructed Alwood to turn north. Alwood told the defendant that he did not want to go into Michigan to deal, and the defendant responded that the cocaine was in Indiana.

Alwood headed east on Adams road, which was in Michigan, and then turned south on a road which became Steuben County Road 800 North. While in Indiana, Defendant ordered the car stopped, and he retrieved the cocaine from its hiding place in a snowbank. Defendant divided the cocaine while Alwood was driving east in Indiana, and then gave part to Alwood. Defendant already had possession of the money, and he retained possession of one-half of the cocaine which had been in the snowbank.

Alwood told the defendant that he wanted to have the cocaine tested before Defendant left the car with the money. Alwood drove the car into Michigan while the defendant made a chemical test upon the cocaine. When it was apparent that the test was positive, Alwood stopped the car, put a gun to Defendant's head and waited for the police who had been following. When the police arrived, Defendant was placed under arrest and was searched. He was found to be in possession of a .38 caliber handgun and the remainder of the cocaine.

After the police realized that they were in Michigan, the Michigan authorities were notified. Defendant was held in custody in Michigan until he waived extradition proceedings.

## ISSUE I

Defendant first asserts that there was insufficient evidence to support the trial court's determination that the delivery of cocaine occurred in Indiana. Upon a review of the sufficiency of the evidence, this Court will look to the evidence which supports the trial court's ruling, and all reasonable inferences to be derived therefrom. This Court will not weigh the evidence or judge the credibility of the witnesses. If the judgment of the trial court is supported by substantial evidence of probative value, its ruling will not be disturbed. *Faust* v. *State,* (1977) 266 Ind. 640, 366 N.E.2d 175.

Alwood, who was county surveyor for Steuben County, testi-

fied that after Defendant retrieved the cocaine from the snowbank in Indiana and divided it, he gave half to ■ Alwood at the intersection of Steuben County Road 800 North and Steuben County Road 150 West, in Indiana. Alwood's testimony is clearly substantial evidence of probative value, and it is sufficient to sustain the trial court's determination that the illegal delivery of cocaine occurred in Indiana.

## ISSUE II

Defendant next asserts that his arrest occurred in the State of Michigan and was beyond the jurisdiction of the Indiana police. He argues that the Indiana police exceeded their constitutional and statutory powers by making the arrest in Michigan, that the arrest was therefore illegal, and that all evidence obtained in the search incident to that arrest was a product of the illegality. He contends that the .38 caliber handgun and the cocaine which was found on his person at the time of his arrest should not have been admitted at trial.

Although it has been conceded by the State that Defendant's arrest occurred in the State of Michigan, it is not apparent that the arrest was thereby rendered illegal. Both ■ Indiana and Michigan have adopted the Uniform Act On Fresh Pursuit. Ind. Code §§ 35-3-4-1 through 35-3-4-7 (Burns 1975) and Michigan Comp. Laws Ann. §§ 780.101 through 780.108. Michigan law provides:

"Any member of a duly organized state, county or municipal peace unit of another state of the United States who enters this state in fresh pursuit, and continues within this state in such fresh pursuit, of a person in order to arrest him on the ground that he is believed to have committed a felony in such other state, shall have the same authority to arrest and hold such person in custody, as has any member of any duly organized state, county or municipal peace unit of this state, to arrest and hold in custody a person on the ground that he is believed to have committed a felony in this state." M.C.L.A. § 780.101, Ind. Code § 35-3-4-1.

Fresh pursuit, as employed in the above statute is defined as follows:

> "The term 'fresh pursuit' as used in this act shall include fresh pursuit as defined by common law, and also the pursuit of a person who has committed a felony or who is reasonably suspected of having committed a felony. It shall also include the pursuit of a person suspected of having committed a felony. It shall also include the pursuit of a person suspected of having committed a supposed felony, though no felony has actually been committed, if there is reasonable ground for believing that a felony has been committed. Fresh pursuit as used herein shall not necessarily imply instant pursuit, but pursuit without unreasonable delay." M.C.L.A. § 780.105; cf. Ind. Code § 35-3-4-5.

It is apparent, under the terms of this statutory language, that the Indiana police were acting within their statutory powers.

## ISSUE III

Defendant contends that it was error to enter judgment and impose sentence on both the charge of delivering a controlled substance and the charge of possession of a controlled substance. He argues that it is impossible to deliver a controlled substance without first being in possession of the controlled substance, and that the offense of possession is a lesser included offense of delivery. As authority, he relies upon *Smith* v. *State*, (1976) 169 Ind. App. 71, 345 N.E.2d 851.

The evidence presented in this case, however, clearly distinguishes the situation from the one presented in *Smith, supra.* In *Smith,* there was no evidence that the defendant possessed any quantity of the controlled substance other than the amount which was delivered to the police agents. Here it was established by substantial evidence of probative value that the defendant possessed approximately one and one-half ounce of cocaine *following* the delivery to Alwood. He was in possession of the additional cocaine at the time of the arrest, and it was discovered upon his person.

The facts of the case clearly establish two separate and distinct crimes. The facts which support each offense are in-

dependent. *Thompson* v. *State*, (1973) 259 Ind. 587, 290 N.E.2d 727. Therefore, the offense of possessing a controlled substance was not a lesser included offense of the delivery offense.

## ISSUE IV

Defendant finally argues that there was insufficient evidence to support the verdict of guilt upon the charge of armed felony. His argument is based upon the evidence which reveals that the handgun, found at the time of his arrest, was never revealed or used during the commission of the underlying felony.

Ind. Code § 35-12-1-1 (Burns 1975) simply states, "Any person who * * * commits or attempts to commit *any* felony while armed with any dangerous or deadly weapon * * * shall be guilty of a separate felony * * *." (Emphasis added).

Defendant relies upon *Brown* v. *State*, (1977) 266 Ind. 82, 360 N.E.2d 830, and *Herriman* v. *State*, (1963) 243 Ind. 528, 188 N.E.2d 272, in support of his argument. Both cases may be easily distinguished, however. In *Brown* the only question was the necessity to introduce the weapon into evidence at trial in order to sustain a conviction, with this Court holding that it was not necessary. In *Herriman*, the facts of the case involved the defendant's possession of a weapon which he had obtained as loot in the underlying felony. This Court held that, under such circumstances, no conviction for armed felony was possible. Here, the defendant was in possession of the handgun throughout the course of the felony. It was available for his use at any time, even though Alwood was not aware of its presence.

We find no error. The judgment of the trial court is affirmed.

Givan, C.J., and DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported at 377 N.E.2d 1351.