GILBERT BECK, III *v.* STATE OF INDIANA.

[No. 278S26.  Filed November 14, 1978.]

*Harriette Bailey Conn, [Mrs.],* Public Defender of Indiana, *Carr L. Darden,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Gordon R. Medlicott,* Deputy Attorney General, for appellee.

HUNTER, J.—The petitioner, Gilbert Beck, III, is before this Court appealing from the denial of his petition for relief under Post-Conviction Remedy, Rule 1. His conviction for armed robbery was affirmed by this Court on direct appeal, *Beck* v. *State,* (1974) 261 Ind. 616, 308 N.E.2d 697. One issue is presented: was it proper for the jury to render a verdict of guilty for armed robbery while rendering no verdict upon the lesser charge of robbery, each charge appearing in the same affidavit under separate counts?

The problem may be summarized as follows. When the jury returned from deliberation, only one verdict, on armed robbery, was filled in. The trial judge retired to his chambers for a few minutes to research, and then he came back to the courtroom and accepted the verdict. The petitioner argues that because no verdict was returned on the robbery charge that was the equivalent of a verdict of not guilty on the robbery charge. Then, the petitioner reasons, if he has been found guilty of robbery, how could the verdict on armed robbery be accepted?

The syllogism fails in its major premise: the absence of a verdict on the lesser included offense did not signify an acquittal on that charge. To the contrary, the guilty verdict on the greater charge obviated the necessity for *any* verdict on the lesser charge. This Court has often held that when the jury does return guilty verdicts on both the greater and lesser offenses, when the counts stemmed from the same criminal act, the verdict on the lesser offense must be disregarded as superfluous. Judgment should be entered *only* upon the

greater offense. *Webb* v. *State,* (1972) 259 Ind. 101, 284 N.E.2d 812; *Carter* v. *State,* (1951), 229 Ind. 205, 96 N.E.2d 273. The double jeopardy clause prohibits the imposition of multiple punishments for the same offense. For purposes of the double jeopardy clause of the Fifth Amendment, a lesser included offense requires no proof beyond that which is required for conviction of the greater offense, and the greater offense is therefore by definition the "same" for purposes of double jeopardy as any lesser offense included in it. *Brown* v. *Ohio,* (1977) 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187. In this case, the charges stemmed from the same criminal act.

For all the foregoing reasons, there was no trial court error, and the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 382 N.E.2d 164.