**James T. JETHROE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1179S305.

Supreme Court of Indiana.

March 11, 1980.

Harriette Bailey Conn, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

This is an appeal from the denial of post conviction relief. Petitioner (Appellant) was convicted of second degree murder and sentenced to life imprisonment. His conviction was affirmed by this Court. *Jethroe v. State*, (1974) 262 Ind. 505, 319 N.E.2d 133. On appeal from the denial of his petition, he presents the following issues:

(1) Whether the post conviction hearing judge erred in finding that petitioner had no legal right to appear before the Grand Jury.

(2) Whether the hearing judge erred in failing to give a written statement upon petitioner's contention that his sentence was unconstitutional.

\*     \*     \*     \*     \*     \*

## ISSUE I

Petitioner contends that the hearing judge held that he had no right to appear before and challenge the make-up of the Grand Jury. The record, however, does not reflect that the judge so held. Rather, it reflects that the petitioner presented no evidence nor even made any claim that there had been any grounds for challenging any member of the Grand Jury. Absent grounds for challenge, the loss or even the denial of the opportunity to exercise such challenge could not be other than harmless error. As a matter of law, therefore, the petitioner was entitled to no relief, as he neither alleged grounds therefor nor presented evidence thereof.

## ISSUE II

Defendant next asserts that the hearing judge erred in making no finding of fact nor conclusion of law with respect to his contention that the imposition of a life sentence for second degree murder is unconstitutional.

We find, however, that the error lies with petitioner, not with the judge. The issue was not properly raised in petitioner's *pro se* petition for post conviction relief. The issue does not appear in the grounds for relief asserted in the petition; rather, it was discussed *only* in a supporting memorandum of law.

Additionally, the claim presented only a proposition of law requiring no evidentiary hearing and consequently no finding of facts. In any event, we held contrary to petitioner's contention in *Kennedy v. State*, (1979) Ind., 393 N.E.2d 139, and cases there cited.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.