**William Bert CONRAD, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 1279S339.**

Supreme Court of Indiana.

July 8, 1980.

Harriette Bailey Conn, Public Defender, Howard N. Bernstein, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Cindy A. Ellis, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

This is an appeal from the denial of post conviction relief. Petitioner (Appellant) was convicted of kidnapping and manslaughter in 1973. His direct appeal to this Court resulted in an affirmance. *Conrad v. State*, (1974) 262 Ind. 446, 317 N.E.2d 789. He now presents the following issues:

(1) Was the failure of the trial court to apprize the jury, sua sponte, that the State's star witness had testified under a grant of immunity fundamental error and thus subject to challenge, in the first instance, in post conviction proceedings?

(2) Did the petitioner demonstrate that his trial counsel and counsel on the direct appeal were ineffective?

We answer both questions in the negative and affirm the judgment of the trial court.

The sole witness of the State to directly implicate the petitioner had accompanied the defendant at the time the criminal acts were committed and had assisted in his attempt to obviate the evidence. She testified against the defendant under a grant of prosecutorial immunity. This fact was known to Defendant and his counsel; but although counsel cross-examined the witness vigorously and demonstrated numerous instances of her having received favorable treatment from the police and revealed that she had not been charged with the crimes, he did not, by cross-examination or otherwise, place the grant of immunity into evidence.

A number of instructions were tendered by the petitioner, the tenor of which was to advise that the jury was the judge of the credibility of the witnesses and that they could consider the interest of a witness in assessing his credibility. They were refused. Presumably other adequate instructions upon the subject had been given. Two of such tendered instructions specifically related that the grant of immunity to a witness cast a shadow upon his credibility and required close scrutiny and were improper as implying a lack of credibility of a particular witness. *Hackett v. State*, (1977) 266 Ind. 103, 360 N.E.2d 1000; *Taylor v. State*, (1972) 257 Ind. 664, 278 N.E.2d 273.

## ISSUE I

■ It is petitioner's contention that, considering the importance of the witness' testimony to the State's case, it was error for the trial court not to have disclosed the immunity agreement to the jury.

Petitioner attempts to bring his case under the umbrella of *Newman v. State*, (1975) 263 Ind. 569, 334 N.E.2d 684; and *Giglio v. United States*, (1972) 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104, but those cases stand only for the proposition that there is a duty to disclose any such bargains to the defendant. Under our adversary system, the use the defendant makes of such information is for him to determine. There can be no inherent unfairness in holding a party responsible for the conduct of his trial, he

having been furnished with the information and opportunity necessary to enable him to do so.

### ISSUE II

 As this issue relates to the claim of ineffective counsel at the trial, no evidence was submitted at the post conviction hearing that precludes the presumption that trial counsel's decision not to reveal the grant of immunity to the jury was other than tactical. But, even if it were to be regarded as negligence, it does not, under our standards, necessitate a finding of incompetence or ineffective representation amounting to a denial of due process. *Robertson v. State*, (1974) 262 Ind. 562, 319 N.E.2d 833; *Blackburn v. State*, (1973) 260 Ind. 5, 291 N.E.2d 686; *Crisp v. State*, (1979) Ind., 394 N.E.2d 115; *Baker v. State*, (1980) Ind., 403 N.E.2d 1069.

With respect to petitioner's claim that appellate representation was inadequate, in failing to present the claims hereinbefore discussed on his direct appeal, the failure to assign issues clearly having no merit cannot be viewed as incompetence or ineffective representation.

"In post conviction proceedings, the burden is upon the petitioner to establish his grounds for relief by a preponderance of the evidence. Post Conviction Remedy Rule 1, § 5. The trial judge is the sole judge of the weight of the evidence and the credibility of the witnesses. *Carroll v. State*, (1976) Ind., 355 N.E.2d 408; *Davis v. State*, (1975) 263 Ind. 327, 330 N.E.2d 738. His decision will be set aside only where the evidence is without conflict and leads unerringly to a result other than that reached by the trial court. *Carroll v. State, supra. Roberts v. State*, (1975) 263 Ind. 53, 324 N.E.2d 265." *Garrison v. State*, (1978) Ind., 379 N.E.2d 972, also see *Baker v. State, supra.*

We find no error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.