William E. COLEMAN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 2–479A85.

Court of Appeals of Indiana,
Second District.

Aug. 18, 1980.

Raymond Guntz, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Defendant-appellant William E. Coleman (Coleman) appeals from a court conviction for attempted child molesting, Ind.Code 35–41–5–1 (attempt statute),[1] on the grounds

that he was denied a presumption of innocence by the special judge, that the judge failed to advise him sufficiently of aggravated circumstances at sentencing, and that the judge's misunderstanding of the evidence rendered the evidence insufficient and the verdict contrary to law.

Judgment affirmed.

## FACTS

The facts most favorable to the State indicate that approximately 2:30 a. m. on September 10, 1978, a nine year old child was awakened in the bedroom of her home, 1707 North Montcalm, Marion County, Indiana, by the sound of heavy breathing. The child, T. M., found the defendant Coleman standing nude in the room. Coleman told her that he would not hurt her and she asked him to leave. He reached out and attempted to touch her on her back.

T. M.'s mother was asleep in the adjacent bedroom. She woke at the sound of voices. She asked the child who she was talking to and, after T. M. responded there was a man in her bedroom, the mother indicated that she would get her gun. The defendant departed the house by the front door as the mother came out of her bedroom.

As Coleman left he passed Rita Maxie and Charles Lewis on the sidewalk. He was still naked and was carrying his clothing.

The mother again encountered Coleman in the backyard of the home as he attempted to dress. He told her that he had not touched the child. T. M.'s aunt then came into the backyard as Coleman took flight. She gave chase, but he eluded her, and minutes later was picked up by the police.

During the trial the following colloquy took place between the judge and the prosecutor in regard to the floor plan of the house:

> MR. HARROLD: Judge, we're swatting at flies at this particular point. Now, we are talking about a bedroom here, where

1. The information indicates that Coleman was charged under Ind.Code 35–43–2–1 (Burglary) and Ind.Code 35–42–4–3(b) (Attempted Child Molesting) and was convicted of attempted child molesting only.

(T. M.) slept. We're talking about a bedroom here and a hallway leading to the front room, where there was a t. v. and a window leading out to Montcalm Street.

THE COURT: I heard . . .

MR. HARROLD: That's the . . .

THE COURT: . . . all the evidence.

MR. HARROLD: . . . scene of the offense in question.

THE COURT: Right.

At the sentencing hearing the trial judge sentenced Coleman to eight years, the five year presumptive sentence plus three years for aggravating factors.

## ISSUES

Coleman presents the following three issues for our review:

1. Did the trial court judge commit error by failing to afford Coleman the presumption of innocence during the course of the trial?

2. Did the trial court err in failing to indicate with sufficient specificity the aggravating factors which resulted in enhancing Coleman's sentence, and is that sentence manifestly unreasonable?

3. Did the trial court's "misunderstanding" of the evidence render the evidence insufficient and the verdict contrary to law?

## DECISION

*ISSUE ONE*—Did the trial judge commit error by failing to afford Coleman the presumption of innocence during the course of the trial?

*PARTIES' CONTENTIONS*—Coleman contends that certain statements made by the trial judge denied him the presumption of innocence during the trial. The State counters that when these comments are taken in the context with which they are spoken these statements merely indicate the judge's awareness of the evidence and furthermore that no objection was made during trial concerning presumption of innocence so that no questions are presented for review.

*CONCLUSION*—We conclude that as there was no objection made as to any alleged denial of presumption of innocence, no issue is presented for review.

■ The State correctly argues that to preserve a question on appeal concerning improper judicial remarks, counsel must make proper objections and request the proper remedy from the trial court, *Micks v. State* (1967), 249 Ind. 278, 230 N.E.2d 298, and therefore this question is not presented for review.

■ In any event the question of prejudice resulting from judicial remarks is controlled by *Tinsley v. State* (1973), 260 Ind. 577, 298 N.E.2d 429 (court trial), in which the Supreme Court addressed the propriety of the remark "Look, fellow, if that fellow (appellant) doesn't hear you, I will have to turn him loose . . . and it would be your fault." The court held that this statement could not be construed as evidence of bias, but rather as an attempt to have the State's witness be heard by appellant and his counsel. Likewise the trial judge's statements that "I heard all the evidence" and "right" in response to the prosecuting witness's statement "This is the scene of the offense in question", should be construed as an attempt to expedite receipt of evidence. And no more.

*ISSUE TWO*—Did the trial court err in failing to indicate with sufficient specificity the aggravating factors which resulted in enhancing Coleman's sentence, and is that sentence manifestly unreasonable?

*PARTIES' CONTENTIONS*—Coleman alleges that the trial court erred by failing to indicate with sufficient specificity the aggravating factors on which his sentence was based; and that remorse is an improper consideration in sentencing.

The State's position is that the trial court sufficiently stated its reasons for imposition of the sentence.

*CONCLUSION*—The trial judge stated the basis for imposition of a greater sentence with sufficient specificity and properly included remorse among his considerations. The sentence is within the guidelines imposed by the legislature and is not manifestly unreasonable.

Coleman leans on *Gardner v. State* (1979), Ind., 388 N.E.2d 513, for the proposition that the trial court erred by not sufficiently indicating the aggravating factors on which his sentence was based.

■ The trial judge dutifully stated the aggravating factors to be:

*THE COURT*: All right. Based upon the presentence report I find that you have previously been convicted for the crime of robbery in 1963 and for the crime of assault and battery in 1974. In addition, it would seem to me that, with those two (2) particular crimes, and an evident lack of remorse for the conduct upon which this case is based . . ."

Examination of the *Gardner* case, *supra,* indicates that the Supreme Court approved as sufficiently specific the following statements of aggravating factors:

1. Defendant has a long history of deviant sexual behavior.
2. the heinious [sic] and aggravated nature of the offense committed in this cause,
3. the defendant's conduct and behavior following commission of the offense in failing to seek medical attention for the victim and in attempted concealment of the victim's body and in attempted destruction and obliteration of evidence,
4. that the imposition of any reduced sentence would serve to depreciate the seriousness of the crime of which defendant has been convicted.

*Gardner v. State, supra,* at 518. By this standard the recitation by the trial judge is specific enough.

Coleman also argues that lack of remorse is an improper consideration in sentencing.

■ Consideration of aggravating and mitigating factors is controlled by Ind.Code 35–4.1–4–7 providing: [2]

Criteria for sentencing.—(a) In determining what sentence to impose for a crime, the court shall consider *the risk that the person will commit another crime,* the nature and circumstances of the crime committed, and the prior criminal record, character, and condition of the person.

. . . . .

(c) The court may consider these factors as aggravating circumstances or as favoring imposing consecutive terms of imprisonment:

(1) The person has recently violated the conditions of any probation, parole, or pardon granted him.

(2) The person has a history of criminal activity.

(3) The person is in need of correctional or rehabilitative treatment that can best be provided by his commitment to a penal facility.

(4) Imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime.

(5) The victim of the crime was sixty-five [65] years of age or older.

(6) The victim of the crime was mentally or physically infirm.

(d) *The criteria listed in subsections (b) and (c) of this section do not limit the matters that the court may consider* in determining the sentence. [IC 35–4.1–4–7, as added by Acts 1976, P.L. 148, § 15, p. 718; 1977, P.L. 340, § 139, p. 1533.] (emphasis supplied)

Even though remorse is not listed specifically in Ind.Code 35–4.1–4–7(c) (1978) as an aggravating factor, Ind.Code 35–4.1–4–7(d) indicates that the criteria listed in sub-section (c) of the statute does not limit matters

**2.** This section has been transferred by the compiler in Burns Indiana Statutes Code Edition to

Ind.Code 35–50–1A–7 (Burns Code Ed.1979).

that the court may consider in determining sentence.

 Coleman's prior convictions were properly considered under Ind.Code 35–4.1–4–7(c)(2) (prior history of criminal activity). The determination of how much time, if any, should be added to a convicted person's sentence for aggravating circumstances and whether certain factors may properly be considered in determining the sentence, are questions which have been placed within the discretion of the trial court. *Evans v. State* (1979), Ind.App., 393 N.E.2d 246; *Ford v. State*, (1979), Ind.App., 394 N.E.2d 250.

 Lack of remorse may be an underlying consideration in determining the risk that the defendant will commit another crime, the defendant's character and condition (Ind.Code 35–4.1–4–7(a)) and the person's need for corrective or rehabilitative treatment (Ind.Code 35–4.1–4–7(c)(3)) as opposed to his ability to affirmatively respond to probation or short-term imprisonment (Ind.Code 35–4.1–4–7(b)(7)).

 Coleman's claimed error that the sentence is manifestly unreasonable is waived because he neither objected to the reasonableness of the sentence at the sentencing hearing nor preserved the error in his motion to correct errors. Even had he done so the sentence is within the statutory guidelines established by the legislature and cannot be challenged as being too severe.[3] *Ford v. State, supra.* This issue was therefore waived.

*ISSUE THREE* —Did the trial court's "misunderstanding" of the evidence render the evidence insufficient and the verdict contrary to law?

*PARTIES' CONTENTIONS* —Coleman argues that because the trial judge misunderstood the evidence concerning physical contact with the child during the prosecutor's closing argument, the evidence was insufficient and the verdict was contrary to law.

The State counters that the judge's mistakes were immediately corrected rendering the error insignificant and that the evidence was sufficient to support the Court's finding of guilty as to the charge of attempted child molesting.

*CONCLUSION* —Coleman's contention merely goes to the weight of the evidence.

The record indicates that the judge was immediately corrected by the prosecuting attorney as to any possible understanding of the evidence:

*MR. HARROLD* : As to the question, which part of her body did the Defendant reach for, (T. M.) indicated that he reached, and she put her hand in the back and said, toward her back. Now, . .

*THE COURT* : I believe that she testified that he touched her back.

*MR. HARROLD* : I don't believe that she did, Your Honor. My recollection is that he merely reached for the back part of her, for her back. I don't recollect that she said that he actually touched her. As a matter of fact, the witnesses have consistently told me that Mr. Coleman never had the opportunity to touch (T. M.), that he, in fact, simply made the attempt to touch (Miss M.).

 We might add there was other evidence independent of physical contact or attempted physical contact sufficiently probative to support the judgment. To prove attempt, the person's conduct need only constitute a substantial step toward commission of the crime. Ind.Code 35–41–5–1.[4]

---

3. Ind.Code 35–42–4–3 (child molesting), Ind. Code 35–41–5–1 (attempt), and Ind.Code 35–50–2–6 (class C felony).

4. Ind.Code 35–41–5–1 provides:
 Attempt.—(a) A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime.

An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a class A felony.
 (b) It is no defense that, because of a misapprehension of the circumstances, it would

*See Herriman v. State* (1963), 243 Ind. 528, 188 N.E.2d 272 (prior law). Coleman was in the child's bedroom unauthorized in the middle of the night. He was totally nude and breathing heavily. From the evidence that he carried his clothing out of the house it could be inferred that he had undressed inside. His presence and his statement to the child that he would not hurt her implies that he planned to have some contact with her. Coleman clearly had the present apparent ability to commit the offense in question but was thwarted by the mother after she awakened.

Judgment affirmed.

SULLIVAN and SHIELDS, JJ., concur.

---

have been impossible for the accused person to commit the crime attempted. [IC 35–41–5–1, as added by Acts 1976, P.L. 148, § 1, p. 718; 1977, P.L. 340, § 22, p. 1533.]