James Odis HENDRIX, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 780S195.

Supreme Court of Indiana.

April 15, 1981.

Nile Stanton, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Petitioner (Appellant) was convicted of Murder in the First Degree in a trial by jury. His direct appeal resulted in an affirmance. *Hendrix v. State*, (1974) 262 Ind. 309, 315 N.E.2d 701. This appeal from the denial of post conviction relief presents the competence of his trial counsel as the sole issue for our consideration.

Specifically, the petitioner charges that counsel's incompetence was demonstrated by his trial in four respects.

Defendant had interposed a claim of self defense. He had, on a prior occasion, successfully employed that defense and had also been charged, as a juvenile in California, for assault with a deadly weapon. By direct examination of his client, trial counsel disclosed these prior incidents. Subsequently, in summation, the prosecutor commented upon them in a manner depreciative of the defense.

The post conviction hearing judge found that counsel's action in disclosing his client's past was a tactical decision. This finding is supported by counsel's testimony.

The claim that counsel should have objected to the prosecutor's commenting upon such evidence was disposed of in petitioner's direct appeal.

> "Yet, even as we choose to examine the merits of appellant's claim, his assertion still fails. The record discloses that the prosecutor was referring to the direct testimony of appellant, who chose to testify in his own behalf. Therefore, such comment was patently proper." 262 Ind. at 312, 315 N.E.2d at 703.

Petitioner's contention that trial counsel suppressed his own client's exculpatory statement is puzzling. The statement was made shortly after the shooting incident and was to the effect that he had shot the decedent in self defense. The statement was inculpatory as well as exculpatory. Viewed as an exculpatory statement, it was not admissible. Petitioner's claim that prior statements consistent with a witness' testimony are admissible to refute an attack upon his version of the occurrence is incorrect and not supported by the authorities which he cites. There had been no impeachment of the defendant's testimony.

Additionally, the statement would only have been cumulative of petitioner's trial testimony and the post conviction judge's finding that counsel's decision could have been tactical is supported by the record.

Petitioner contends that trial counsel did not prepare adequately for the trial, but the evidence brought forth at the post conviction hearing does not compel this conclusion. Contrary to Petitioner's claim, the record reflects that counsel interviewed witnesses, had numerous discussions with Petitioner about his available options, and informed him of his trial rights and plea bargaining possibilities.

Notwithstanding trial counsel's candid testimony at the post conviction hearing, acknowledging that he believed that he had made some errors in judgment and would try the case differently, if given the opportunity, and notwithstanding the apparent willingness of the prosecutor at the hearing to confess error, the evidence does not compel a finding that Petitioner's trial counsel was incompetent.

We have frequently stated that an attorney is strongly presumed to be competent. Absent a glaring and critical omission or succession of omissions evidencing in their totality a mockery of justice, this Court will not attribute a criminal conviction or affirmation to ineffective assistance of counsel. *Rodgers v. State*, (1981) Ind., 415 N.E.2d 57.

> "'In post conviction proceedings, the burden is upon the petitioner to establish his grounds for relief by a preponderance of the evidence. Post Conviction Remedy Rule 1, § 5. The trial judge is the sole judge of the weight of the evidence and the credibility of the witnesses.'" (Citations omitted). "'His decision will be set aside only where the evidence is without conflict and leads unerringly to a result other than that reached by the trial court.'"

*Conrad v. State*, (1980) Ind., 406 N.E.2d 1167, 1169. (Quoted case and other citations omitted.)

We find no error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.