Eddie Leon HILL, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1182S417.

Supreme Court of Indiana.

May 9, 1984.

Christian J. Gielow, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a trial by jury, Petitioner (Appellant) was convicted of inflicting injury in the perpetration of a robbery or attempted robbery and was sentenced to life imprisonment. On direct appeal, this Court affirmed the conviction. *Hill v. State,* (1979) 271 Ind. 86, 390 N.E.2d 167. This appeal is from the denial of post-conviction relief.

Petitioner claims that he was denied the effective assistance of counsel upon direct appeal and that the jury's return of inconsistent and contradictory verdicts necessitates a reversal of his conviction.

Following Petitioner's conviction, his trial attorney filed a Motion to Correct Errors, which included, *inter alia,* a claim that the jury's verdict was inconsistent and contradictory in that the Petitioner had been charged in two counts with (1) robbery and (2) inflicting an injury in the perpetration of a robbery, both for the same act, and that the jury returned a verdict of guilty upon the second count but failed to return a verdict upon the first count. Subsequently, the Office of the Indiana Public Defender pursued Petitioner's direct appeal. In preparing that appeal, it was decided that Petitioner's claim upon the issue of inconsistent verdicts was without merit; hence, it was not argued on direct appeal. It is that decision by the Public Defender which Petitioner claims was a denial of effective assistance of appellate counsel.

We must first determine whether the issue of inconsistent verdicts was meri-

torious and should have been argued on direct appeal. In *Beck v. State*, (1978) 269 Ind. 576, 382 N.E.2d 164, a nearly identical issue was presented to this Court. There, as in the case at bar, the appellant argued that the failure to return a verdict on the robbery charge was equivalent to a verdict of not guilty on that charge. Then, the reasoning continued, if one is not guilty of robbery, how could he be guilty of armed robbery (or, in this case, inflicting injury in the perpetration of a robbery)? Justice Hunter explained:

"The syllogism fails in its major premise: the absence of a verdict on the lesser included offense did not signify an acquittal on that charge. To the contrary, the guilty verdict on the greater charge obviated the necessity for *any* verdict on the lesser charge. This Court has often held that when the jury does return guilty verdicts on both the greater and lesser offenses, when the counts stemmed from the same criminal act, the verdict on the lesser offense must be disregarded as superfluous. Judgment should be entered *only* upon the greater offense. *Webb v. State*, (1972) 259 Ind. 101, 284 N.E.2d 812; *Carter v. State*, (1951) 229 Ind. 205, 96 N.E.2d 273. The double jeopardy clause prohibits the imposition of multiple punishments for the same offense. For purposes of the double jeopardy clause of the Fifth Amendment, a lesser included offense requires no proof beyond that which is required for conviction of the greater offense, and the greater offense is therefore by definition the 'same' for purposes of double jeopardy as any lesser offense included in it. *Brown v. Ohio*, (1977) 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187. In this case, the charges stemmed from the same criminal act." (emphasis in original).

*Id.* at 577–578, 382 N.E.2d at 165–166.

■ Petitioner's claim of ineffective assistance of appellate counsel is predicated upon the failure to present the above issue to this Court on direct appeal. In that the claim had no merit whatsoever, the failure to raise it on appeal cannot be viewed as incompetence or ineffective representation of counsel. *Conrad v. State*, (1980) 273 Ind. 587, 406 N.E.2d 1167, 1169.

Our standard of review for appeals from the denial of post-conviction relief is as follows:

"Petitioner ha[s] the burden of proof and stands in the shoes of one appealing from a negative judgment. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. It is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law." (citations omitted).

*Neville v. State*, (1982) Ind., 439 N.E.2d 1358, 1360. Petitioner has failed to sustain his burden of proof.

We find no reversible error, and the judgment of the trial court denying post-conviction relief is affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PIVARNIK, JJ., concur.