Lee A. **KRUCKEBERG**, Appellant (Petitioner Below),

v.

**STATE of Indiana**, Appellee (Respondent Below).

No. 482S152.

Supreme Court of Indiana.

July 25, 1984.

Nile Stanton, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Petitioner (Appellant) was convicted, following a trial by jury, of multiple offenses and sentenced, and the judgment was affirmed by this Court. *Kruckeberg v. State*, (1978) 268 Ind. 643, 377 N.E.2d 1351. A petition for post-conviction relief, filed under P.C. Rule No. 1, was heard and denied. This appeal is from that denial and assigns two issues which are framed by Petitioner's brief as follows:

1. "The post-conviction court did not make specific findings of fact and conclusions of law."

2. "The post-conviction court erred in ruling that certain properly preserved issues were without merit and, therefore, no basis for an inadequacy of appellate counsel claim."

## ISSUE I

Issue I relates to a claim of fundamental error in allowing the State to amend the charging information, on the day before the trial, to correct the citation to the statute which he was charged with having violated. The Post Conviction Court filed findings of fact and conclusions of law which included conclusions miscast among the findings, as follows:

"10. The trial court properly allowed amendment of the charging informations.

"11. The charging informations upon which petitioner was tried stated the charged offenses with sufficient certainty and particularity as to inform the petitioner of the exact nature of the charges that he was required to meet and defend against.

"12. The amendments to the charges did not change the material allegations of the charges."

Petitioner, relying upon *Love v. State*, (1971) 257 Ind. 57, 272 N.E.2d 456, now contends that the cause should be remanded for additional findings, as was done in *Love*.

As in the case before us, *Love* was an appeal from the denial of post conviction relief. However, the issue there was whether the appellant had been denied certain constitutional rights during the initial twenty-four hours of his incarceration. The determination of that question hinged upon the testimonial evidence adduced at the hearing, and we remanded because the court's only finding was that there had been no illegality in the guilty plea proceedings or in the evidence adduced at said proceeding. Without being apprised of the circumstances of Love's incarceration, specifically whether or not he had received proper advisements, we had no basis for determining the correctness of that court's conclusion but would have been compelled to make factual determinations from the transcript—a function for which we are ill equipped.

In the case before us, the determination is one of law, upon which we have the final word, and was in no way dependent upon disputed or disputable facts. *Jethroe v. State* (1980) 272 Ind. 681, 400 N.E.2d 1376. The main purpose of the requirement for special findings and conclusions is to aid the reviewing court to understand the lower court's view of the case. *Love v. State*, 257 Ind. at 59, 272 N.E.2d at 458. In this case, the findings were adequate for that purpose, and we find no error in the court's conclusion that no error had been committed in permitting the amendment complained of. It corrected only the statutory citation and could not have misled Petitioner or affected his substantial rights.

## ISSUE II

Petitioner cites three instances where evidence offered by the State, at his trial, was admitted over objections, but error was not assigned to any of such rulings by the motion to correct errors; hence they were not presented for appellate review. Petitioner contends that there was substantial legal merit to the issues and that if their omission was not a matter of appellate strategy, then it revealed counsel incompetence entitling him to file a belated motion to correct errors. We do not agree that new appeals may be so easily initiated, but it is unnecessary for us to elaborate upon the subject.

The Supreme Court of the United States has recently spoken in detail upon the entitlements of persons convicted of crimes to have their convictions set aside by reason of their having been denied their Sixth Amendment right to the effective assistance of counsel. *Strickland, Supt., Florida State Prison, et al. v. Washington*, (1984) —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674. Although that opinion concerns claims of ineffective counsel at the

trial level, much of it is equally applicable to such claims aimed at the appeal.

Justice O'Connor recognized, in *Strickland,* the propriety of a two-step analysis: (1) "A convicted defendant making a claim of ineffective assistance [of counsel] must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The Court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the *wide range* of professionally competent assistance." —— U.S. at ——, 104 S.Ct. at 2066, 80 L.Ed.2d at 695 (emphasis added). (2) Prejudice. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." —— U.S. at ——, 104 S.Ct. at 2067, 80 L.Ed.2d at 696.

"Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result." *Strickland v. Washington,* —— U.S. at —— – —— 104 S.Ct. at 2069–70, 80 L.Ed.2d at 699–700.

In most instances where counsel incompetence is claimed with respect to the appeal, it will probably effect judicial economy to look first to the act or omission complained of and determine whether or not prejudice to the petitioner resulted, notwithstanding that, by so doing, we may be reviewing error not preserved. Only upon a determination that the petitioner was or may have been, thereby, harmed will it be necessary to determine whether counsel's performance, overall, was below the acceptable level.

We will now examine the aforementioned instances of evidence admitted over in-trial objections. Apparently, it is Petitioner's contention that the admission of such evidence improperly disclosed or inferred other criminal activity upon his part.

The charges upon which Petitioner was convicted were drug traffic related, and the evidence had been procured through a police informant and a controlled "buy" in the course of which the Petitioner was followed from Indiana into Michigan, where he was arrested.

■ Kent Alwood was involved in setting the trap by which Petitioner was caught and charged. He was testifying with regard to how he had become acquainted with Petitioner and suspicious of his clandestine dealings. Referring to conversations that he had had with two police officers in which he was relating his prior conversations with two men who had subsequently introduced him to Petitioner, he was asked the question, "What statements, if any, did you make to the two officers?" A "hearsay" objection was interposed and properly overruled, as the question did not call for out of court utterances made by a third party but by the Witness himself. Additionally, the testimony that followed did not implicate the Petitioner in any prior unrelated criminal conduct but only the two men who subsequently introduced the Witness to the Petitioner. It may also be noticed that the objection was not timely interposed but followed the Witness' answer. There was no error in the trial court's ruling.

■ Officer Shelton was one of the persons involved in the "controlled buy" and the arrest of Petitioner in Michigan and was being questioned concerning the ar-

rest. Petitioner's brief is misleading upon this issue, as it infers that counsel objected to the Prosecutor's question, "Were any criminal charges filed against the Defendant [in Michigan]?" and the Witness answered, "yes-sir." without objection or motion to strike. It was the following question, "Did any of the criminal charges in Michigan concern the delivery or the possession of a controlled substance?" to which counsel objected. The objection was overruled, but the answer was "No." Apparently Petitioner does not deem himself to have been harmed by the latter question and answer. In any event, there was no error, as the dialogue was not a relating of prior unrelated criminal conduct but only of the episode out of which the charges against the Petitioner arose.

 Officer Stout, on direct examination, testified concerning Petitioner's arrest in Michigan.

"A He was taken into custody by Michigan State Police Troopers and—transported some place—by them.

Q At a later date, did you ever have occasion to be present at a hearing in Michigan?

A Yes, I did.

Q Was the defendant present at that hearing?

A Yes, he was.

Q And what type of hearing was it?
MR. GRIMM: I'm going to object to that, Your Honor, it's obviously prejudicial to this particular situation. We're not here faced with any criminal offenses in the State of Michigan. The issues before the Jury are clear—and set clear. It's an attempt by Mr. Benson to bring other matters into this particular proceedings.
MR. BENSON: May we approach the bench, Your Honor?
THE COURT: Yes, sir.
(Bench conference)
THE COURT: Objection is overruled. You may answer.

A Would you please repeat the question?

Q Were you present at a hearing at which the defendant was also present?

A Yes, I was.

Q And what type of hearing was that?
MR. GRIMM: Same objection.
THE COURT: It's overruled.

A It was a hearing for the purpose of a waiver of extradition."

There was no error in admitting this testimony. It merely related details of Petitioner's arrest and extradition to Indiana to stand trial on the charges being tried.

 The trial court committed no error in its rulings admitting the evidence complained of, and there could be no merit to an appeal thereon. Failure to present issues having no merit cannot be viewed as incompetence, and the Petitioner, therefore, failed to carry his burden of proof upon the post conviction issue. *Conrad v. State*, (1980) 273 Ind. 587, 589, 406 N.E.2d 1167, 1169.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PIVARNIK, JJ., concur.