Richard Allen DAVIS, Appellant,

v.

STATE of Indiana, Appellee.

No. 71S00–8702–CR–265.

Supreme Court of Indiana.

May 24, 1988.

Paul James Newman, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Burglary, a Class B felony, and a finding that he is an habitual offender. His sentence was enhanced to a total of forty (40) years by reason of the habitual offender finding.

The facts are: On January 22, 1986, at approximately 10:30 p.m., an alarm system alerted the South Bend Police Department that a burglary was in progress at the Erskine Manor Golf Course. As officers approached the front of the building, they saw a person later identified as Kenneth Harlan emerging from a basement window. As the officers approached, he pointed a gun at them. The ensuing gunfire resulted in Harlan sustaining fatal injuries. Goods taken from inside the clubhouse were found near Harlan's body.

As police continued looking about the premises, they found appellant crouching in a bush holding a knife in his hand. Near him was a hatchet which had been removed from the clubhouse and several packets of Sanka coffee were found on appellant's person. It was later discovered that these packets of Sanka came from inside the clubhouse. Further investigation disclosed that entry had been accomplished through breaking a basement window. At the time of his arrest, appellant was wearing gloves which were impregnated with fragments of glass similar to that in the broken window.

Appellant claims the trial court erred in denying his motion in limine in which he sought an order to prevent the State from showing that Harlan was armed with a gun and was shot by police on the night of the burglary. Appellant takes the position that this evidence was irrelevant because he was not charged with being armed with a gun, and the fact that his accomplice was shot is immaterial to his prosecution. This evidence was admissible under the *res gestae* theory and was admissible under the sound discretion of the trial court. The acts of appellant's accomplice were clearly contemporaneous with his acts and were admissible to give the jury the entire picture of the occurrence. *Blankenship v. State* (1984), Ind., 462 N.E.2d 1311. It is proper to show evidence of everything done by a defendant's accomplice which was a probable and natural consequence of their common plan. *Menifee v. State* (1987), Ind., 512 N.E.2d 142.

Appellant claims it was reversible error to receive into evidence photographs of items found near Harlan after he had been shot. Appellant takes the position that the introduction of this evidence was merely cumulative and not decisive of his guilt, and the prejudice outweighed the probative value of the evidence. Even if we accept this as true, the introduction of such evidence is not considered prejudicial error. *McKim v. State* (1985), Ind., 476 N.E.2d 503.

Appellant also takes the position that this evidence should not have been admitted because there was no showing that the police did not move the objects prior to photographing them; thus, the photographs might have been artificial and misleading to the jury. The issue in this case, however, was not the position of the items on the ground near Harlan's body but the fact they were objects taken from the clubhouse and that one object was the gun Harlan had used in his attempt to escape. There was no error in the admission into evidence of the pictures.

Appellant claims the jury's verdict is not supported by sufficient evidence and is contrary to law. Appellant takes the position that for the State to show he was guilty of burglary while armed with a dead-

ly weapon, they must show that he had possession of the deadly weapon at the time he committed the breaking and entering. He cites *Herriman v. State* (1963), 243 Ind. 528, 188 N.E.2d 272. Appellant points to the fact that his brother testified that he had never seen the knife which appellant had in his possession when captured and the persons in charge of the clubhouse did not testify that the knife did not come from inside the clubhouse. However, at the time of his capture, appellant was attempting to hide from the police officers and was holding the knife in his hand. Although this is not direct evidence, it is circumstantial evidence from which the jury could find that appellant was armed with the knife at the time he entered the premises. *Watkins v. State* (1984), Ind., 468 N.E.2d 1049.

Appellant invites us to reweigh the evidence and come to the conclusion that he was not armed with the knife at the time he entered the premises. The weighing of the evidence was within the province of the jury which this Court will not invade. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., dissents without separate opinion.