## PUERTO RICO *v.* RUBERT HERMANOS, INC. ET AL.

No. 96.   Argued February 6, 9, 1942.—Decided March 16, 1942.

*Mr. William Cattron Rigby,* with whom *Messrs. George A. Malcolm,* Attorney General of Puerto Rico, and *Nathan R. Margold* were on the brief, for petitioner.

*Mr. Henri Brown* for respondents.

MR. JUSTICE BYRNES delivered the opinion of the Court.

By Joint Resolution of May 1, 1900, the Congress provided that "every corporation hereafter authorized to engage in agriculture [in Puerto Rico] shall by its charter be restricted to the ownership and control of not to exceed five hundred acres of land." [1]  This limitation was carried over into the present Organic Act of Puerto Rico, enacted on March 2, 1917.[2]  In 1935, the Legislative Assembly of Puerto Rico enacted two laws to provide the means of enforcing the Congressional prohibition. Act No. 33 conferred upon the Supreme Court of Puerto Rico exclusive original jurisdiction over quo warranto proceedings instituted for violations of the 500-acre law.[3]  Act No. 47 authorized the Attorney General of Puerto Rico, or any district attorney, to bring such quo warranto proceedings in the Supreme Court of Puerto Rico against any corporation violating the Organic Act, and provided further that when any corporation is "unlawfully holding . . . real estate in Puerto Rico, the People of Puerto Rico may, at its option, through the same proceedings, institute in its behalf the confiscation of such property,

---

[1] § 3, 31 Stat. 715.

[2] § 39, 39 Stat. 951, 964, U. S. C., Title 48, § 752.

[3] Act of July 22, 1935, Laws of Puerto Rico, Special Session, 1935, p. 418.

or the alienation thereof at public auction, within a term of not more than six months counting from the date on which final sentence is rendered." [4]

This is a quo warranto proceeding brought in 1937 against respondent corporation by the Attorney General of Puerto Rico under these statutes. The complaint alleged that respondent corporation was organized in 1927 under the laws of Puerto Rico for the purpose of acquiring and working sugar cane farms and plantations, that its articles of incorporation restricted it to the acquisition of 500 acres, that it nevertheless had acquired, and that it owned and was working at the time of the filing of the complaint, some 12,188 acres of land. The answer conceded that the 500-acre restriction was contained in the articles and that the respondent had nevertheless acquired the 12,188 acres, but interposed several defenses. On July 30, 1938, the Supreme Court of Puerto Rico entered judgment for the petitioner. It ordered "the forfeiture and cancellation" of the license and articles of incorporation of respondent, "the immediate dissolution and winding up of the affairs" of the corporation, and the payment of a $3000 fine and costs. On the same day, petitioner moved that a receiver be appointed to handle the dissolution and disposition of the respondent's property, pursuant to subsections 4 and 5 of § 182 of the Puerto Rico Code of Civil Procedure.[5]

---

[4] Act of August 7, 1935, Laws of Puerto Rico, Special Session, 1935, pp. 530–532.

[5] "Section 182.—(564 Cal.) A receiver may be appointed by the court in which an action is pending or has passed to judgment, or by the judge thereof:

"1. In an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject any property or fund to his claim, or between partners or others jointly owning or jointly interested in any property or fund, on the application of the plaintiff, or of any' party whose right to or interest in the property or fund, or the proceeds

The motion for the appointment of a receiver was held in abeyance pending an appeal to the Circuit Court of Appeals for the First Circuit. That court reversed the judgment of the Supreme Court of Puerto Rico, on the ground that Acts Nos. 33 and 47 exceeded the authority of the Legislative Assembly under the Organic Act. 106 F. 2d 754. We granted certiorari, and on March 25, 1940 reversed the judgment of the Circuit Court of Appeals and reinstated that of the Supreme Court of the Island. 309 U. S. 543.

The mandate of this Court reached the clerk of the Supreme Court of Puerto Rico on May 13. On the same day, the Attorney General entered a request for a hearing on petitioner's pending motion for the appointment of a receiver. The respondent then filed its answer, and briefs were submitted by both parties. In its answer and brief, respondent raised numerous objections to the appointment of a receiver. Chief among these objections were: (a) that on March 28, 1940, respondent corporation had been dissolved by vote of its stockholders, and its property conveyed to a partnership consisting of all the stockholders, so that nothing remained to be done; and (b)

---

thereof, is probable, and where it is shown that the property or fund is in danger of being lost, removed, or materially injured.

"2. After judgment, to carry the judgment into effect.

"3. After judgment, to dispose of the property according to the judgment, or to preserve it during the pendency of an appeal, or in proceedings in aid of execution, when an execution has been returned unsatisfied, or when the judgment debtor refuses to apply his property in satisfaction of the judgment.

"4. *In the case when a corporation has been dissolved,* or is insolvent, or in imminent danger of insolvency, *or has forfeited its corporate rights.*

"5. *In all other cases where receivers have heretofore been appointed by the usages of courts of equity."* (1933 ed., italics added.)

that the statutes applicable to this case are certain sections of the Private Corporations Law [6] rather than § 182

[6] "Section 27.—*Corporate existence pending dissolution.* All corporations, whether they expire through the limitation contained in articles of incorporation or are annulled by the Legislature, or otherwise dissolved, shall be continued as bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them to settle and close their affairs, to dispose of and convey their property and to divide their capital; but not for the purpose of continuing the business for which they were established.

"Sec. 28 (as amended by Act No. 24 of 1916, p. 68).—*Directors as trustees pending dissolution.* Upon the dissolution in any manner of a corporation, the directors shall be the trustees thereof pending the liquidation, with full power to settle the affairs, collect the outstanding debts, sell and convey the property and divide the moneys and other property among the stockholders, after paying its debts, so far as such moneys and property shall suffice. They shall have power to meet and to act under the bylaws of the corporation, and, under regulations to be made by a majority of the said trustees, to prescribe the terms and conditions of the sale of such property, or may sell all or any part for cash, or partly on credit, or take mortgages and bonds for part of the purchase price for all or any part of the said property. In case of a vacancy or vacancies in the board of directors of such corporation existing at the time of dissolution or occurring subsequently thereto, the surviving directors or director shall be the trustees or trustee thereof, as the case may be, with full power to settle the affairs, collect the outstanding debts, sell and convey the property and divide the moneys and other property among the stockholders, after paying its debts, as far as such moneys and property shall enable them, and to do and perform all such other acts as shall be necessary to carry out the provisions of this Act relative to the winding up of the affairs of such corporation and to the distribution of its assets.

"Sec. 29.—*Powers and liabilities of Trustees in Liquidation.* The directors constituted trustees as aforesaid shall have power to sue for and recover the aforesaid debts and property by the name of the corporation and shall be suable by the same name, or in their own names or individual capacities for the debts owing by such corporation, and shall be jointly and severally responsible for such debts to

of the Code of Civil Procedure,[7] that under the terms of the former "the directors shall be the trustees . . . pending the liquidation" of any dissolved corporation, and that the court was consequently without jurisdiction to appoint a receiver under § 182. The insular court resolved all the issues in petitioner's favor, appointed a receiver of all the property of the respondent, and directed the receiver to handle the property as a going concern until the People of Puerto Rico should exercise the option granted to them by § 2 of Act No. 47 of August 7, 1935 either to confiscate the real estate unlawfully held by respondent or to have it sold at public auction.[8]

the amount of the money and property of the corporation which shall come to their hands or possession as such trustees.

"Sec. 30.—*Judicial appointment of liquidators.* When any corporation shall be dissolved in any manner whatever, the district court having jurisdiction of the place where its principal office in the Island of Porto Rico is situated, on application of any creditor or stockholder, may at any time either continue the directors as trustees as aforesaid, or appoint one or more persons to be liquidators of such corporation to take charge of the assets and effects thereof, to collect the debts and property due and belonging to the corporation, with power to prosecute and defend in the name of the corporation, or otherwise, all suits necessary or appropriate for the purposes aforesaid, or to appoint an agent or agents under them, or to do other acts that might be done by such corporation if in being that may be necessary for the final settlement of its unfinished business, and the powers of such trustees or receivers may be continued so long as the courts shall think necessary for such purpose." (Appendix to Code of Commerce of Puerto Rico (1932 ed.) 327, at 355.)

[7] See note 5, *supra.*

[8] Section 2 provides, in part:

"When any corporation by itself or through any other subsidiary or affiliated entity or agent is unlawfully holding, under any title, real estate in Puerto Rico, The People of Puerto Rico may, at its option, through the same proceedings, institute in its behalf the confiscation of such property, or the alienation thereof at public auction, within a

From this order, respondent took a second appeal to the Circuit Court of Appeals, making the two contentions which have been noted as well as many others which require no discussion here. The Circuit Court of Appeals disposed of several of these contentions unfavorably to the respondent. However, it reversed the judgment of the Supreme Court of Puerto Rico, on the gound that the order appointing the receiver was "improvidently issued." 118 F. 2d 752. In the opinion of the Circuit Court, §§ 27, 28 and 30 of the Private Corporation Law are unquestionably applicable to the dissolution of a corporation by court order as a result of a violation of its charter and the laws, although the insular court had declared them "applicable only to a voluntary dissolution agreed upon by the shareholders of a corporation or by expiration of the term fixed for its duration." With respect to § 182 of the Code of Civil Procedure, upon which the lower court relied, the Circuit Court of Appeals determined that it permitted the appointment of a receiver only "upon proper showing by an interested party, agreeably to the usages of courts of equity." It concluded that the option granted by Act No. 47 of 1935 did not afford the People of Puerto Rico an interest sufficient for this purpose. It observed that the option relates only to the excess acreage, whereas the order had sought to place the receiver in charge of all the property of the respondent, both real and personal. If the People of Puerto Rico should elect to have the land sold at public auction,[9] the Circuit Court asserted, a master can be appointed for that purpose, and in the meantime a

term of not more than six months counting from the date on which final sentence is rendered.

"In every case, alienation or confiscation shall be through the corresponding indemnity as established in the law of eminent domain."

[9] According to the Circuit Court's opinion, on August 28, 1940, after the order appointing the receiver had been entered, the Attorney

notice of *lis pendens* which was filed with the Registry of Property will prove adequate to protect the People's interest.

The Circuit Court's opinion leaves it uncertain whether it meant to hold that the insular court wholly lacked power to appoint a receiver for a judicially dissolved corporation, or merely that it abused its discretion in this case. In any event, the questions for our determination seem to be these: (1) does it lie within the power of the Supreme Court of Puerto Rico to appoint a receiver for the assets of a corporation whose dissolution has been judicially ordered because it has violated its articles of incorporation and the laws of Puerto Rico and the United States; (2) did that court abuse its discretion in appointing a receiver under the circumstances of this case; and (3) did the scope of the order exceed the court's authority?

*First.* Whether or not it is within the power of the Supreme Court of Puerto Rico to place a receiver in control of the property of a corporation which has been dissolved for violation of law, is a question whose answer must be found in the statutes of the Island. As we have said, § 182 of the Code of Civil Procedure provides: "A receiver may be appointed by the court in which an action is pending or has passed to judgment,

General filed with the insular court the following statement: "Therefore, The People of Puerto Rico elects to have all the lands in the possession of the respondent sold at public auction, and prays this Court to order the sale at public auction of the said real property by the receiver already appointed by this Court, after the same is assessed in conformity with the provisions of the Condemnation Proceedings Act now in force." In the Circuit Court, the respondent argued that the option provided by Act No. 47 could not be exercised in this manner but only by an Act of the Legislative Assembly. We share the Circuit Court's view that this and other problems relating to the actual exercise of the option must first be passed upon by the Puerto Rican Supreme Court.

or by the judge thereof: . . . (4) In the case when a corporation has been dissolved, or is insolvent, or in immediate danger of insolvency, or has forfeited its corporate rights. (5) In all other cases where receivers have heretofore been appointed by the usages of courts of equity." It seems hardly debatable that, if nothing more were shown, these provisions would strongly support the assertion of power by the insular court to appoint a receiver for respondent's property. But respondent urges that the provisions of §§ 27, 28, 29 and 30 of the Private Corporations Law compel the opposite conclusion. Section 27 provides that "all corporations, whether they expire through the limitation contained in articles of incorporation or are annulled by the Legislature, or otherwise dissolved, shall be continued as bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them to settle and close their affairs, to dispose of and convey their property and to divide their capital; but not for the purpose of continuing the business for which they were established." Section 28 declares that "upon the dissolution in any manner of a corporation, the directors shall be the trustees thereof pending the liquidation." And § 30 authorizes the appropriate district court of Puerto Rico, "on application of any creditor or stockholder, . . . at any time either [to] continue the directors as trustees as aforesaid, or [to] appoint one or more persons to be liquidators of such corporation to take charge of the assets and effects thereof . . ." Again, if nothing more than these sections were before us, we think it clear enough that, upon the dissolution of a corporation "in any manner," the directors would remain in charge of the assets as trustees until some "creditor or stockholder" moved a district court—not the Supreme Court of the Island—to remove them.

A frank recognition that the statutes appear on their face to conflict and to overlap permits us to avoid the lengthy and technical arguments which have been advanced by both parties in this Court and in the courts below. The Supreme Court of Puerto Rico resolved this conflict in favor of its power to appoint a receiver, by holding that the pertinent sections of the Private Corporations Law do not apply to judicially ordered dissolutions but that § 182 of the Code of Civil Procedure does apply. In recent years we have had occasion to announce that the decisions of the courts of Puerto Rico with respect to the interpretation of the Island's statutes and to matters of local law are to be accorded the greatest weight. *Bonet* v. *Yabucoa Sugar Co.,* 306 U. S. 505; *Bonet* v. *Texas Company,* 308 U. S. 463. We cannot say that an interpretation placed by the Supreme Court of Puerto Rico upon statutes whose meaning is so open to doubt is plainly incorrect. Accordingly, though the interpretation suggested by the Circuit Court of Appeals may be equally plausible, it erred in reversing the judgment of the insular court.

*Second.* Assuming that under § 182 the insular Supreme Court has the power to appoint a receiver for a judicially dissolved corporation, the question remains whether it has abused its discretion in appointing a receiver in this case. The Circuit Court of Appeals, after indicating its belief that the power to appoint a receiver is a drastic one and that it should be sparingly employed, concluded that its use was not warranted by the circumstances of this case. Its reasoning was that the sole interest of the petitioner was its option either to confiscate the excess acreage or to have it sold at public auction. "The People do not need a receiver to protect the option. If and when the time comes for the court to decree a sale of the land at public auction a master can be appointed to carry through the sale. The land will still

be there. Meanwhile, the interest of the People is protected by a *lis pendens* notice which was entered in the Registry of Property shortly after the institution of the quo warranto proceedings, which notice the corporation unsuccessfully sought to have cancelled." 118 F. 2d 752, at 759–760.

It may be true that the procedure suggested by the Circuit Court would have been adequate to the needs of the case. It may even be true that an injunction restraining the directors of respondent from disposing of the property pending the People's choice would have been sufficient. But the same considerations that compel restraint on the part of appellate courts where the question is one of power, apply with double force where the question merely concerns the propriety of its exercise. The Supreme Court of Puerto Rico was in the best position to determine what the situation demanded. The attempted transfer of the corporate assets on March 28, 1940 may have been a bona fide effort to comply with the earlier decree of dissolution, as respondent insists. But the fact that the transfer was made to a partnership whose members had been the stockholders of the dissolved corporation might suggest a disposition on the part of the directors to obstruct the effective exercise of the option afforded the People by Act No. 47. Certainly it would not have been unreasonable for the insular court to suspect that this was so. No doubt the *lis pendens* notice would prevent the directors from conveying an interest in any of the property which would be superior to that of a purchaser at a subsequent public auction conducted pursuant to Act No. 47. But the sale and resale of the property, or its encumbrance, could only result in confusion, misunderstanding and needless litigation. It was clearly within the discretion of the Supreme Court of the Island to avert these difficulties.

*Third:* Respondent insists and the Circuit Court held, finally, that the order was too broad to be sustained. It is

argued that it was not confined to the land which was actually in excess of the 500-acre maximum but included all the properties of the respondent, and that it authorized the continued operation of the business by the receiver for an indefinite period. To treat the latter objection first, an examination of the order appointing the receiver reveals that paragraph 7 specifically contemplates the exercise of its option by the People of Puerto Rico. A fair reading of the order requires us to conclude that the period of the receivership was definite enough, since it was clearly regarded as a preliminary to the exercise of the option. The receiver was expressly directed to surrender the properties whenever the People had indicated its choice. As to the provision of the order consigning the whole of respondent's properties to the receiver, it is enough to say that everyone concedes that the properties constitute a working unit in growing, cutting and grinding sugar. To separate the land from the machinery and other personalty pending the People's election between alternative procedures would have been inexcusable economic waste. It was altogether proper for the Supreme Court to recognize these realities and to permit the receiver to preserve the enterprise as a going concern pending a final settlement. Nothing in § 182, upon which it relied for authority to appoint the receiver, requires that it limit the receivership in the manner suggested by respondent.

The order of the Supreme Court of Puerto Rico should be sustained in full.

*Reversed.*

The CHIEF JUSTICE and MR. JUSTICE ROBERTS are of the opinion that the court below correctly held, for reasons stated in detail in Judge Magruder's opinion, 118 F. 2d 752, that the appointment of a receiver by the Insular court, in the circumstances of this case, was an abuse of discretion, and that it was the duty of the Circuit Court of Appeals, in the exercise of its appellate authority, to set the appointment aside.