SOUTH PORTO RICO SUGAR CO. v. BUS-
CAGLIA, Treasurer of Puerto Rico,
et al.

No. 4091.

Circuit Court of Appeals, First Circuit.

March 6, 1946.

R. Castro Fernandez, of San Juan, P. R. (James R. Beverley and Jose Lopez Baralt, both of San Juan, P. R., of counsel), for appellants.

I. Henry Kutz, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., and Fowler Harper and Warner Gardner, Sols., and Irwin W. Silverman, Chief Counsel, Division of Territories and Island Possessions, Department of Labor, all of Washington, D. C., of counsel), for appellees.

William J. Hession, of Boston, Mass., for Central Aguirre Associates, amicus curiae.

Before ALBERT LEE STEPHENS, MAHONEY, and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

This case comes before us on appeal from the Supreme Court of Puerto Rico which reversed a decision of the Tax Court of Puerto Rico in favor of the appellant. It is submitted on an agreed statement of facts which will be briefly summarized.

The appellant, South Porto Rico Sugar Company, hereinafter referred to as the Sugar Company, is a corporation organized under the laws of the State of New Jersey and not registered in nor doing business in Puerto Rico. It filed its income tax return for the fiscal year beginning October 1, 1941, showing a gross income of $1,424,000 consisting of dividends received from a Puerto Rican corporation, and calculated and paid the tax on its net taxable income on the basis of the same rate of tax as was applicable to domestic corporations under the tax laws of Puerto Rico.[1] This statute

[1] Laws of Puerto Rico: Act No. 31, approved April 12, 1941, amending Act No. 74, approved August 6, 1925, as amended (Income Tax Act):

purported to tax foreign corporations at a rate 2% higher than that levied on domestic corporations. The Treasurer of Puerto Rico, in view of the fact that the Sugar Company was a foreign corporation, calculated the tax on it at the higher rate, and notified the company of a deficiency of $28,480, with interest at 6% per annum from the date prescribed for the payment of the tax.

The Sugar Company did not allege that it was registered in or doing business in Puerto Rico and the agreed statement of the case, on which the issue is presented to us, states that the company is "not registered in nor doing business in Puerto Rico". However, the agreed statement also asserts that the Sugar Company is the same corporation which was held by the Supreme Court of Puerto Rico to be within the jurisdiction of Puerto Rico for service of summons in the case of People of Puerto Rico v. South Porto Rico Sugar Company, 56 P.R.R. 633, and at all times since that determination it has been engaged in the same business and to the same extent in Puerto Rico as it was at the time of the commencement of that case. But this fact did not appear in the pleadings on which the case was submitted to the trial court or the Supreme Court. It appears for the first time in the agreed statement of the case filed in the record on appeal to this court.

The Sugar Company appealed to the Tax Court from the assessment of the deficiency by the Treasurer, alleging that the 2% discrimination against foreign corporations was void and unconstitutional. The Treasurer filed a general demurrer to the allegations of the taxpayer contending that the statute was valid and constitutional. The Tax Court entered a decision in favor of the company holding that it was doing business in Puerto Rico and therefore was within the jurisdiction of Puerto Rico, and thus was entitled to the benefits of the equal protection clause of the Organic Act; and that the imposition of a tax upon foreign corporations and partnerships which are within the jurisdiction of Puerto Rico at a rate higher than that imposed on domestic corporations and partnerships was a violation of the equal protection clause and uniformity provision of the Organic Act of Puerto Rico.[2]

The Supreme Court of Puerto Rico granted the Treasurer's petition for certiorari and entered judgment reversing the decision of the Tax Court. The Supreme Court, in upholding the statute as applied to the Sugar Company reasoned that: "The question of the constitutionality of the statute must be divided into two parts: (1) as to its application to foreign corporations which have obtained licenses to do business in Puerto Rico; and (2) as to its application to foreign corporations which have not complied with that requisite." Because it

---

"Section 14. Section 28 of said Act is hereby amended to read as follows:

" 'Section 28(a). There shall be levied, collected, and paid for each taxable year on the net income of every corporation or partnership a tax of nineteen (19) percent on the net income in excess of the credits provided for in Section 34, except that domestic corporations and partnerships shall pay a tax of seventeen (17) percent.' "

Act No. 23, approved November 21, 1941, amending Act No. 74, approved August 6, 1925, as amended (Income Tax Act):

"Section 4. Section 28 of said Act is hereby amended to read as follows:

" 'Section 28(a). There shall be levied, collected, and paid for each taxable year on the net income of every corporation or partnership a tax of twenty (20) percent on the net income in excess of the credits provided for in Section 34, except that domestic corporations and partnerships shall pay a tax of eighteen (18) percent.' "

Act No. 20, approved December 3,

1942, amending Act No. 74, approved August 6, 1925, as amended (Income Tax Act):

"Section 8. Section 28 of said Act is hereby amended to read as follows:

" 'Section 28(a). There shall be levied, collected, and paid for each taxable year on the net income of every corporation or partnership a tax of twenty-two (22) percent on the net income in excess of the credits provided for in Section 34, except that domestic corporations and partnerships shall pay a tax of twenty (20) percent.' "

[2] Organic Act of Puerto Rico, Act of March 2, 1917, c. 145, 39 Stat. 951, as amended by the Act of May 17, 1932, c. 190, 47 Stat. 158, 48 U.S.C.A. § 737.

"Sec. 2. That no law shall be enacted in Puerto Rico which shall deprive any person of life, liberty, or property without due process of law, or deny to any person therein the equal protection of the laws.

\* \* \* \* \* \*

"That the rule of taxation in Puerto Rico shall be uniform."

did not appear in the record that the Sugar Company was authorized to do or was doing business in Puerto Rico, the Supreme Court concluded that it was not within the jurisdiction of the Island and hence was not entitled to the equal protection of the laws as provided by Section 2 of the Organic Act of Puerto Rico because that Act affords such protection only to persons within the jurisdiction of Puerto Rico. It also decided that the imposition of the higher rate on foreign corporations authorized to do business in the Island was invalid as a violation of the equal protection clause. The taxpayer's motion for reconsideration on the ground that it was protected by the uniformity provision of the Organic Act was denied by the Supreme Court which stated that the distinction which it had made between the two types of foreign corporations was a reasonable classification "and should be upheld as a lawful exercise of the legislative power to classify taxpayers and to impose upon them different tax rates."

■ The distinction made by the Supreme Court between the two types of foreign corporations: (1) Those authorized to do business in Puerto Rico, and (2) those not so authorized, has been challenged as an exercise of judicial legislation. There is no question of judicial legislation in this case. The separation of foreign corporations into the two classes above designated was made in order to determine the constitutionality of the statute as applied to each class. The question of the separability of the statute does, however, involve a question of local law. But we cannot say that the determination by the Supreme Court of Puerto Rico that the statute may be separately applied to the foreign corporation not doing business in Puerto Rico was "inescapably wrong". De Castro v. Board of Commissioners of San Juan, 322 U.S. 451, 64 S.Ct. 1121, 88 L.Ed. 1384; Puerto Rico v. Rubert Hermanos Co., 315 U.S. 637, 646, 62 S.Ct. 771, 86 L.Ed. 1081; Bonet v. Texas Co., 308 U.S. 463, 60 S.Ct. 349, 84 L.Ed. 401. The Legislature of Puerto Rico might have intended the application of the 2% discrimination to those foreign corporations not authorized to do business in Puerto Rico had it foreseen the invalidity of the statute as applied to foreign corporations so authorized, Ballester-Ripoll v. Court of Tax Appeals of Puerto Rico, 1 Cir., 1944, 142 F.2d 11, 19, in order to secure as much revenue as possible by

virtue of the enforcement of the statute to the extent that it could be validly applied.

The issues presented to us are whether the statute under consideration, as applied to the Sugar Company, violates the equal protection clause, the uniformity rule, or the due process clause of the Organic Act, and the Fourteenth Amendment to the Federal Constitution. We will consider these questions separately.

■ The Supreme Court held that since the Sugar Company was not authorized to do nor doing business in Puerto Rico that it was not within the jurisdiction of Puerto Rico and not entitled to the equal protection of the laws. With this holding, we agree. This case was presented before both the Tax Court and the Supreme Court on the pleadings. The appellant did not allege that it was authorized to do or was doing business in Puerto Rico. In fact, as pointed out above, the agreed statement of the case contains the opposite information. The appellant, however, urges that it is within the jurisdiction of Puerto Rico because the Supreme Court of Puerto Rico has once so held. People of Puerto Rico v. South Porto Rico Sugar Company, supra. However, the facts on which that case was decided are different from those presented by the pleadings in the instant case. In the earlier case the Court decided that the Sugar Company was doing business in Puerto Rico and hence subject to service there. In the case at bar, the appellant has agreed that it is not authorized to do and is not doing business in Puerto Rico. In view of this agreement and the pleadings we cannot say that the Sugar Company is doing business in Puerto Rico, for to draw such a conclusion would be to render the agreed statement and the pleadings of the case a nullity. There is no other evidence in the record that the appellant is within the jurisdiction of the Island. It did not send its agents there for the purpose of reacquiring its property as was the case in Kentucky Finance Corp. v. Paramount Auto Exchange Corp., 262 U.S. 544, 43 S.Ct. 636, 67 L.Ed. 1112, nor does it appear that it had agents in Puerto Rico for any purpose. We cannot conceive of any basis for finding that the appellant was subject to service in or within the jurisdiction of Puerto Rico on the facts here presented. Therefore, we are concerned only with the question of whether a corporation not authorized to do business and not doing business in Puerto Rico is entitled to the equal protection of

its laws. When Congress by the Organic Act enacted for Puerto Rico provisions similar to those contained in our "Bill of Rights" it intended them to have the same purport as the like provisions of our Constitution. Ballester-Ripoll v. Board of Tax Appeals of Puerto Rico, supra, at page 18, of 142 F.2d. The word "therein" contained in the equal protection clause of the Organic Act was intended to have the same function as the words "within its jurisdiction" contained in the equal protection clause of the Federal Constitution. U.S. Const. Amend. XIV, § 1. We conclude that the Sugar Company was not a person within the jurisdiction of Puerto Rico so as to be entitled to the protection afforded by § 2 of the Organic Act.

In the proceedings in the Supreme Court the uniformity provision has been somewhat confused with the equal protection provision. Nevertheless, we believe that the conclusion of the Supreme Court is correct. It is well settled that the uniformity provision exacts only geographical and not intrinsic uniformity. Steward Machine Co. v. Davis, 301 U.S. 548, 583, 57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L.R. 1293; Wright v. Vinton Branch Mountain Trust Bank, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455; Poe v. Seaborn, 282 U.S. 101, 117, 51 S.Ct. 58, 75 L.Ed. 239; Bromley v. McCaughn, 280 U.S. 124, 50 S.Ct. 46, 74 L.Ed. 226; Knowlton v. Moore, 178 U.S. 41; 83, 20 S.Ct. 747, 44 L.Ed. 969. Under this rule, uniformity cannot be challenged because of an arbitrary classification unless that classification discriminates on a geographical basis. A discrimination violates the uniformity provision only where the Legislature discriminates in favor of or against persons in a particular section of the territory. Moreover, the uniformity provision of the Organic Act states that the rule of taxation in Puerto Rico shall be uniform. The Act does not say that the rule of taxation of Puerto Rico shall be uniform. The taxpayer, not being in Puerto Rico, has not been subjected to a discrimination prohibited by the Act. Even if the uniformity rule were deemed to require that classification on a non-geographical basis be reasonable and not arbitrary or capricious, we would not deem the classification here under consideration to violate such a rule for the reasons expressed below in the discussion of the due process clause.

"To be unconstitutional under the due process clause a taxing statute must be so arbitrary as to amount to a confiscation or a clear and gross inequality or injustice." Mertens, Law of Federal Taxation, Vol. 1, § 4.09. The effect of this standard has been that the due process clause of the Fifth Amendment has not often been used as a means of declaring invalid a federal tax statute. See Mr. Justice Stone dissenting in Heiner v. Donnan, 285 U.S. 312, 338, 52 S.Ct. 358, 76 L.Ed. 772. The classification made by this statute was within the area of legislative decision and was not unreasonable or arbitrary. The area of permissible legislation for state legislatures is extremely broad. Wisconsin v. J. C. Penney Co., 311 U.S. 435, 444, 61 S.Ct. 246, 85 L.Ed. 267, 130 A.L.R. 1229. The discretion of the Legislature of Puerto Rico as far as local matters are concerned is not a great deal narrower. People of Puerto Rico v. Shell Co., 302 U.S. 253, 261, 262, 58 S.Ct. 167, 82 L. Ed. 235. Moreover, the burden is on the one who attacks as invalid a legislative enactment to negative every conceivable basis which might support it. Madden v. Commonwealth of Kentucky, 309 U.S. 83, 88, 60 S.Ct. 406, 84 L.Ed. 590, 125 A.L.R. 1383; Metropolitan Casualty Ins. Co. of New York v. Brownell, 294 U.S. 580, 584, 55 S.Ct. 538, 79 L.Ed. 1070.

The purpose of the classification may well be to facilitate the administration of the tax laws. A foreign corporation not authorized to do business in Puerto Rico unlike foreign corporations so authorized, is not subject to the license requirements providing for inspection and regulation, and is not subject to the jurisdiction of the local courts. A foreign corporation which is registered in Puerto Rico must file a copy of its charter, a statement respecting its stock organizations, must keep adequate account books in Puerto Rico and records of all its transactions with affiliated companies, to show what income it has derived from its affiliates and the amount of capital used by affiliated companies in Puerto Rico. In addition to this and many other requirements, such corporations must also file a report containing a general balance sheet showing its financial condition and giving a statement of its income in such detail as the treasurer may require. Thus, it may be that even though taxes on foreign corporations not authorized to do business in Puer-

to Rico are withheld at the source, it is easier to collect the tax and apply the law in the case of registered foreign corporations than in the case of unlicensed foreign corporations. In addition a licensed foreign corporation which does business in Puerto Rico is more likely, through taxes paid by its employees and through other taxes levied on them, to contribute more to the support of the government that protects the sources from which their income is derived than the unlicensed foreign corporation. We do not think the classification was arbitrary or capricious. It is well settled that the Fourteenth Amendment has no application to territories. Moreover, the considerations involved are the same as those which have been discussed in relation to the Organic Act.

The judgment of the Supreme Court of Puerto Rico is affirmed.