Rafael CASTELLANOS, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below)

No. 783S254.

Supreme Court of Indiana.

May 7, 1985.

Blanca Bianchi de la Torre, Rivera, Schlesinger & de la Torre, East Chicago, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a trial by jury, Defendant (Appellant) was convicted of first degree murder, Ind.Code § 35–13–4–1 (Burns 1976) [repealed effective October 1, 1977] and was sentenced to life imprisonment. His direct appeal presents two (2) issues for our review as follows:

(1) Whether the evidence was sufficient to sustain the conviction;

(2) Whether he was denied the effective assistance of counsel.

## ISSUE I

We note initially our standard of review upon a claim of insufficient evidence:

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses." (citations omitted).

*Loyd v. State*, (1980) 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

The evidence most favorable to the State discloses that on the morning of August 6,

1977, the victim, Defendant's estranged wife, was working at the La Barquita tortilla factory in East Chicago, Indiana. At about 10:45 a.m. the Defendant entered the factory and approached the victim. He said, "I want to talk with you." The victim responded, "I don't want to talk to you." The Defendant then drew a gun and fired four to six shots which inflicted ten wounds upon the victim—five to the upper chest area, two to the right arm, one to the abdomen, one to the right hand, and one to the left hand. The victim died as a result of her wounds. Following the shooting, Defendant left the scene. In 1982 he was brought to Indiana from California to stand trial.

Ind.Code § 35–13–4–1(a) provided, in pertinent part, that whoever kills a human being purposely and with premeditated malice is guilty of murder in the first degree. Defendant argues that the State failed to prove that he killed the decedent with the requisite premeditation. Rather, he contends that he went to the factory with a legitimate purpose, that he became enraged when his wife met him with offensive and abusive language, and that he lost control and shot her to death.

■ Premeditation has been variously defined as the act of meditating in advance; deliberation upon a contemplated act; plotting or contriving; a design formed to do something before it is done. *Brewer v. State*, (1969) 253 Ind. 154, 164, 252 N.E.2d 429, 435; *Lemay v. State*, (1963) 244 Ind. 652, 657, 190 N.E.2d 189, 191. In order to find premeditated malice, the thought of taking a life must have been consciously conceived, the conception must have been meditated upon, and a deliberate determination formed to do the act. *Drollinger v. State*, (1980) 274 Ind. 5, 29, 408 N.E.2d 1228, 1243; *Everett v. State*, (1935) 208 Ind. 145, 149, 195 N.E. 77, 79. However, the formation of the intention to kill and the killing may be as instantaneous as successive thoughts. *Brewer v. State*, 253 Ind. at 166, 252 N.E.2d at 436.

■ We find that there is ample evidence of premeditation to support the con-

viction. Jesus Herrera, the victim's son, who was fourteen (14) years old at the time of the offense, testified that at approximately 3:00 a.m. on August 6, 1977, he heard the telephone ring in the room which he shared with his mother. He recognized the Defendant's voice and overheard him ask his mother to reconcile and resume their relationship. He stated that when his mother refused, the Defendant became loud and angry and ultimately said, "I'm going to kill you tomorrow." When the Defendant arrived at the victim's workplace, he had a gun. Although he contends that he and his wife had a heated argument prior to his firing of the shots, other witnesses testified that there was no argument whatsoever. Rather, one witness stated that after the victim said that she did not want to talk to the Defendant, he drew his gun and fired several shots. Another witness, who was working a few feet away, heard nothing before the shots. From this evidence it appears that the shooting was unprovoked. Malice and intent may be inferred from the act of killing, where the evidence shows that a defendant used a deadly weapon in such a way that is likely to cause death. *Bond v. State*, (1980) 273 Ind. 233, 243, 403 N.E.2d 812, 820; *Howey v. State*, (1977) 267 Ind. 15, 16, 366 N.E.2d 662, 663. In the case at bar, we have evidence of both a stated intention to kill the victim and the use of a deadly weapon in a manner likely to produce death. Such evidence constitutes substantial evidence of probative value from which the jury could find premeditation beyond a reasonable doubt. *See Kerns v. State*, (1976) 265 Ind. 39, 41, 349 N.E.2d 701, 703; *Howey v. State*, 267 Ind. at 16, 366 N.E.2d at 663.

## ISSUE II

■ Defendant next argues that he was denied the effective assistance of counsel and that, consequently, he is entitled to a new trial. In determining whether a defendant has been denied the effective assistance of counsel, the reviewing court must determine whether, in light of all the

circumstances, the acts or omissions of which a defendant complains are outside "the wide range of professionally competent assistance." *Strickland v. Washington,* (1984) — U.S. —, —, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674, 695; *Lawrence v. State,* (1984) Ind., 464 N.E.2d 1291, 1294. A strong presumption exists that counsel rendered adequate legal assistance. *Id.* Even if a defendant establishes that his attorney's acts or omissions were outside the wide range of competent professional assistance, he must also establish that counsel's errors had an adverse effect upon the judgment. *Strickland v. Washington,* — U.S. at —, 104 S.Ct. at 2067, 80 L.Ed.2d at 696; *Lawrence v. State,* 264 N.E.2d at 1294. Moreover, it is not necessary for the reviewing court to "address both components of the inquiry if the Defendant makes an insufficient showing on one" or to "determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland v. Washington,* — U.S. at —, 104 S.Ct. at 2069–2070, 80 L.Ed.2d at 699; *Kruckeberg v. State,* (1984) Ind., 465 N.E.2d 1126, 1129.

■ In the case at bar Defendant challenges five acts or omissions of his trial counsel which he contends constitute ineffective assistance of counsel. First, he claims that his attorney allowed a deputy prossecutor to act as his interpreter at his arraignment. The record discloses only that the translator was Roy Dominguez; it does not reveal that Dominquez was a deputy prosecutor. In addition, Defendant does not claim that the interpreter failed to translate the proceedings accurately. Moreover, the Defendant, at arraignment, entered a plea of not guilty and subsequently was tried by jury. He has failed to show that he was harmed by his counsel's failure to object to the choice of interpreter.

■ Next, he argues that his attorney failed to file a motion *in limine* concerning the testimony of Jesus Herrera regarding the conversation he overheard between Defendant and the decedent on the morning of the crime. Defendant has not presented us with any grounds upon which he might have prevailed with regard to such motion. Moreover, the failure to file a motion *in limine* prior to trial did not preclude objecting to the testimony at trial. The attorney's decision does not constitute ineffective assistance of counsel. Defendant further contends that his attorney's failure to object at trial to Herrera's testimony constituted incompetence of counsel. We find, however, that Herrera's testimony was admissible and that the failure to make an objection which has no merit cannot be considered incompetence.

■ Defendant also claims that his attorney failed to interview defense witnesses. The record, however, belies that claim. Defense counsel called six witnesses for the defense. It is apparent from his examination of those witnesses that he had, in fact, interviewed them prior to trial and knew the substance of their testimony before it was given. There is no merit in this claim.

■ Finally, Defendant claims that defense counsel failed to depose State's witness Jesus Herrera prior to trial. Defense counsel stated at trial, however, that he had discussed Herrera's testimony with him and knew what his testimony would be. Moreover, Defendant has not shown how he was harmed by counsel's failure to depose Herrera.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PIVARNIK, JJ., concur.