Giles ALVIES, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 983 S 336.

Supreme Court of Indiana.

June 7, 1985.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a trial by jury, Defendant (Appellant) was convicted of robbery, a class A felony, Ind. Code § 35–42–5–1 (Burns 1985) and was sentenced to thirty-five (35) years imprisonment. His direct appeal presents three (3) issues for our review, as follows:

(1) Whether he was denied the effective assistance of counsel at his sentencing hearing;

(2) Whether "grossly" disparate sentencing of convicted persons similarly situated is due process of law;

(3) Whether the trial judge provided a sufficient statement of reasons for imposing an aggravated sentence.

The record discloses that on November 29, 1982, the Defendant grabbed Frances Stout's purse as she prepared to get into her automobile in a bank parking lot. He dragged her several feet before the purse strap broke, and he fled. Several persons chased the Defendant who was apprehended a short time later, still carrying the purse. Stout, aged seventy-six (76), suffered a broken shoulder and a broken hip and was hospitalized for nearly one month, all as a result of the encounter.

We note initially that the Defendant has failed to preserve the assigned errors detailed above. In his motion to correct errors, only one subparagraph refers to his sentencing. It states, "[T]he Trial Court erred in sentencing the Defendant to a term of imprisonment greater than the minimum sentence of 20 years." Such a bald assertion of error, without supporting memorandum, does not provide the trial court with any basis upon which to rule in the Defendant's favor.[1] It is true that appointed appellate counsel filed, and the trial court denied, a tardy "Petition for Modification of Sentence"[2] calling the trial

---

1. Ind.R.Tr.P. 59(D)(2), made applicable in criminal cases by Ind.R.Crim.P. 16, provides, in pertinent part, "Each claimed error shall be stated in specific rather than general terms, and shall be accompanied by a statement of the facts and grounds upon which the errors are based." *See Matter of Adoption of Thomas* (1982), Ind.App., 431 N.E.2d 506, 510–512.

2. Defendant filed his motion pursuant to Ind. Code § 35–4.1–4–18 [Ind. Code § 35–50–1A–18 (Burns 1979); repealed effective September 1, 1983; for current provision see Ind. Code § 35–38–1–17], which provides, "The court, within one hundred eighty [180] days after it imposes a sentence, ... may reduce or suspend the sentence, incorporating its reasons in the record." Defendant's sentence had been imposed on April 21, 1983, and his petition for modification was filed on November 21, 1983; hence, the petition was not filed within the requisite 180 days and the trial court had no jurisdiction over the defendant as far as altera-

court's attention to the above alleged errors at sentencing; however, an insufficient motion to correct errors is not made adequate by the filing of such a petition.

Nonetheless, inasmuch as the alleged errors are easily addressed, we consider them on their merits. The following facts are relevant to the issues presented. Defendant was convicted upon overwhelming evidence of his guilt. A pre-sentence report was ordered and filed. At the sentencing hearing, on April 21, 1983, Defendant appeared with his trial attorney who informed the court that the Defendant maintained that his uncle had committed the crime. He further stated that he had attempted to talk to the uncle and to have him available at the trial and the sentencing hearing but that his efforts had been unsuccessful. He requested, in view of the Defendant's age (21 years), that the court sentence him to the minimum sentence and recommend that he be incarcerated at the Indiana Youth Center. Also present at the sentencing hearing were the Defendant's mother, who spoke on her son's behalf, and her sister, who was present for "moral support." The Defendant told the court that he had read the pre-sentence report and reiterated his innocence. The trial court then pronounced the sentence.

### ISSUE I

■ While we agree with Defendant that he was entitled to effective and competent counsel at his sentencing hearing, we cannot agree with his contention that he was denied that right when his attorney failed to argue, as a mitigating factor, that he did not intend to injure the victim when he snatched her purse and when his attorney did not object to the trial court's imposition of an enhanced sentence.

"In determining whether a defendant has been denied the effective assistance of counsel, the reviewing court must determine whether, in light of all the circumstances, the acts or omissions of which a

tion of his sentence was concerned. *State ex rel. Abel v. Vigo Circuit Court* (1984), Ind., 462

defendant complains are outside 'the wide range of professionally competent assistance.' *Strickland v. Washington,* (1984) [——] U.S. —— [——], 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674, 695; *Lawrence v. State,* (1984) Ind., 464 N.E.2d 1291, 1294. A strong presumption exists that counsel rendered adequate legal assistance. *Id.* Even if a defendant establishes that his attorney's acts or omissions were outside the wide range of competent professional assistance, he must also establish that counsel's errors had an adverse effect upon the judgment. *Strickland v. Washington* [—— U.S. at ——], 104 S.Ct. at 2067, 80 L.Ed.2d at 696; *Lawrence v. State,* 264 N.E.2d at 1294. Moreover, it is not necessary for the reviewing court to 'address both components of the inquiry if the Defendant makes an insufficient showing on one' or to 'determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.' *Strickland v. Washington* [—— U.S. at ——], 104 S.Ct. at 2069–2070, 80 L.Ed.2d at 699; *Kruckeberg v. State,* (1984) Ind., 465 N.E.2d 1126, 1129.''

*Castellanos v. State* (1985), Ind., 477 N.E.2d 279.

In this case, we hold that the Defendant has not demonstrated that counsel's performance was outside the range of competent assistance. Both defense counsel and the Defendant, at the sentencing hearing, professed Defendant's innocence. It would have been incongruous for counsel also to have argued that the Defendant did not intend to harm the victim when he grabbed her purse. Moreover, counsel argued the relevant mitigating factors to the court, but it obviously found those factors to be outweighed by the aggravating circumstances (See Issue III). There is nothing to indicate to us that an objection to the enhancement of the sentence would have been beneficial.

N.E.2d 61, 63.

## ISSUE II

Defendant alleged in his Petition for Modification of Sentence that the court engaged in disparate sentencing, inasmuch as it had, on July 21, 1983, imposed a much less severe sentence on another person similarly situated. Attached as exhibits to the petition were (1) an information charging F.J. with robbery in a purse snatching incident; (2) F.J.'s commitment to the Department of Corrections which disclosed that F.J. was sixteen (16) years of age, that he had been convicted of robbery, a class C felony, in two causes, that he had been sentenced to three (3) years imprisonment in each cause, said sentences to run concurrently, and that the court recommended incarceration in the Indiana Youth Center.

Defendant's argument that he was denied due process of law when the trial court imposed a much more severe sentence in his case than in F.J.'s case is without merit for the simple reason that the Defendant and F.J. were not similarly situated. The Defendant was convicted of robbery, a class A felony, after taking the purse of Frances Stout and inflicting upon her serious bodily injury. He was twenty-one (21) years of age at the time of the offense. In addition, he had committed the instant offense while on probation for essentially the same crime. F.J., on the other hand, was convicted of robbery, a class C felony, was sixteen (16) years of age, and, so far as the record discloses, had no prior criminal history.

## ISSUE III

The presumptive sentence for a class A felony is thirty (30) years imprisonment. Not more than twenty (20) years may be added for aggravating circumstances, and not more than ten (10) years may be subtracted for mitigating circumstances. Ind. Code § 35–50–2–4 (Burns 1985). When the trial court enhances the basic sentence, it is required to provide a statement of its reasons for so doing. Ind. Code § 35–50–1A–3 (Burns 1985); *McBrady v. State* (1984), Ind., 459 N.E.2d 719, 724, and cases cited therein.

Here the trial court found as aggravating factors (1) the age of the victim (76 years) and (2) the fact that the Defendant committed the offense while on probation for the same kind of crime. Its statement was sufficient to permit the enhancement of the Defendant's sentence. *See Reese v. State* (1983), Ind., 452 N.E.2d 936, 942.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER and PIVARNIK, JJ., concur.

HUNTER, J., not participating.